**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with:<br>No. CV-19-00284-TUC-RM |
| v. | |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

Pending before the Court are four Motions to Dismiss. (Docs. 99, 110, 156, 157.)[1] The Court held oral argument on September 16, 2019, and took the Motions under advisement. (Doc. 215.) The Motions to Dismiss filed by Defendant ADAB Ocean Harvest, S. De R.L. De C.V. (hereinafter "Defendant" or "ADAB Mexico") (Docs. 99, 156) will be addressed below. The Motions to Dismiss filed by Plaintiff/Counterdefendant Ocean Garden Products Inc. (hereinafter "Plaintiff" or "OG") (Doc. 110) and the Motion to Dismiss filed by Pacific Ocean Harvest, S. De R.L. De C.V. (Doc. 157) will be resolved separately.

**I.   Background**

ADAB Mexico is a Mexican company located in Nogales, Arizona. It was originally established as a maquiladora processing shrimp on behalf of Blessings, Inc. ("Blessings"), an Arizona corporation located in Tucson, Arizona. Like Blessings, ADAB Mexico is wholly owned by brothers David and Abraham Mayorquin, both of

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in CV-18-322.

whom are domiciled in Arizona.

On July 2, 2018, Plaintiff initiated a lawsuit against Blessings and David, alleging breach of contract and other claims (Doc. 1) (the "Contract Action"). Plaintiff filed a First Amended Complaint ("Alter-Ego FAC"), the operative pleading in the Contract Action, on January 29, 2019. (Doc. 86.) The Alter-Ego FAC adds Abraham and ADAB Mexico as defendants under an alter-ego theory. (*Id.*) On February 22, 2019, ADAB Mexico filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Alter Ego MTD"). (Doc. 99.) The Alter Ego MTD was fully briefed on July 29, 2019. (Docs. 166, 184.)

On May 22, 2019, Plaintiff initiated a separate lawsuit against numerous defendants, including ADAB Mexico, asserting claims under Arizona's Uniform Fraudulent Trade Act ("UFTA") (Doc. 1 in case number CV-19-284) (the "UFTA Action"). After case numbers CV-18-322 and CV-19-284 were consolidated, Plaintiff filed a First Amended Complaint ("UFTA FAC"), the operative pleading in the UFTA Action. (Doc. 154.) On July 9, 2019, ADAB Mexico filed a Rule 12(b)(2) Motion to Dismiss ("UFTA MTD") (Doc. 156), which was directed at Plaintiff's original UFTA Complaint but which both parties agree may be treated as seeking dismissal of the claims asserted against ADAB Mexico in the UFTA FAC. (Doc. 186 at 4; Doc. 197 at 3 n.2.) The UFTA MTD was fully briefed on August 26, 2019. (Docs. 186, 197.)

In both the Alter Ego MTD and the UFTA MTD, ADAB Mexico moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**II.  Allegations of FACs Concerning ADAB Mexico**

With respect to ADAB Mexico, Plaintiff's Alter-Ego FAC alleges the following: ADAB and Blessings are sister companies, both of which are solely owned and controlled by David and Abraham. (Doc. 86 at 2-4, 12.) David is Blessings' President and Chief Executive Officer ("CEO"), and David and Abraham are the sole officers of ADAB Mexico. (*Id.* at 3-4.) ADAB Mexico does not have an independent board of directors or any officers or directors except David and Abraham. (*Id.* at 12.) ADAB

Mexico and Blessings operate as a single enterprise, with Blessings serving as the sales and marketing arm and ADAB Mexico as the processing arm. (*Id.* at 3-4, 11.) Administrative functions of ADAB Mexico are frequently performed by Blessings' employees; ADAB Mexico uses Blessings' trucks, equipment, and premises; and Defendants produced documents of ADAB Mexico in discovery in this case as proof of Blessings' damages. (*Id.* at 12-13.) David and Abraham commingled the assets of Blessings and ADAB Mexico in order to isolate the debts of their shrimp business with Blessings and the profits with ADAB Mexico, thereby shielding the business's assets from creditors like OG. (*Id.* at 2, 11-12.) David and Abraham transferred money and goods received by Blessings from OG to ADAB Mexico, while giving OG the impression that the companies were the same. (*Id.*) Jurisdiction over ADAB is proper because it is the alter ego of David, Abraham, and Blessings, and because it "has purposefully availed itself of the privilege of doing business in Arizona." (*Id.* at 3.)

Plaintiff's UFTA FAC makes the following allegations with respect to ADAB Mexico: At a time when Blessings was in serious financial distress and facing an existential threat from a criminal investigation, David and Abraham ran up Blessings' debt to OG and transferred millions of dollars from Blessings to ADAB Mexico, thereby isolating the debts of their shrimp business in Blessings and the assets in ADAB Mexico. (Doc. 154 at 2, 5-8.) Blessings transferred cash to ADAB Mexico even after OG filed a state-court lawsuit against Blessings in 2016. (*Id.* at 8.) Blessing mischaracterized the cash transfers in its financial statements by implying that it had a note receivable from ADAB Mexico, even though no note or other loan documents were executed between Blessings and ADAB Mexico. (*Id.* at 9.) In addition to cash, Blessings transferred know-how, trade secrets, other intangible assets, and processing equipment to ADAB Mexico, and affirmatively concealed the transfers from OG. (*Id.* at 9-10.) Blessings is now insolvent and judgment-proof, while ADAB Mexico is operational primarily thanks to the millions of dollars fraudulently transferred from Blessings. (*Id.* at 2.) Jurisdiction over ADAB Mexico is proper because it is co-owned by David and Abraham and it is not

a good-faith transferee of the assets transferred from Blessings. (*Id.* at 3.)

**III. Legal Standard**

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). Arizona's long-arm statute permits the exercise of jurisdiction to the full extent permissible under the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). In order for the exercise of personal jurisdiction over an out-of-state defendant to comport with the requirements of due process under the United States Constitution, the defendant must "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). This is true even though the defendant is the moving party on a Rule 12(b)(2) motion to dismiss. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). But in the absence of an evidentiary hearing, the plaintiff need only make "a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation omitted).[2]

Personal jurisdiction can be general or specific. General personal jurisdiction exists when the defendant's affiliations with the forum state are so "continuous and systematic" that the defendant can properly be said to be "at home" in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation omitted). A corporate defendant is typically "at home" only in its state of incorporation and the state in which it has its principal place of business. *See id.* at 924. Specific personal jurisdiction exists only when "the defendant's suit-related conduct . . .

---

[2] The plaintiff must later establish the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Three requirements must be satisfied for a court to exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant must have "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof" or "purposefully avail[ed itself] of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the claim must have arisen out of or relate to the defendant's forum-related activities; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). If the plaintiff meets its burden of showing sufficient minimum contacts to satisfy the first two requirements for exercising specific personal jurisdiction, the burden then shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (internal quotation omitted).

In evaluating a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court is not restricted to the four corners of the Complaint and may consider extrinsic evidence, including affidavits and discovery materials. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117 (2014). Uncontroverted allegations of a complaint must be taken as true. *Ranza*, 793 F.3d at 1068. Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).[3]

. . . .

. . . .

---

[3] At oral argument, Defendants argued that looking only to the allegations of Plaintiff's FACs is inappropriate given the procedural history of this case, since the parties have engaged in some discovery and the Court held a three-day evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. The injunction hearing places the pending jurisdictional motions in an unusual procedural posture; however, because the Court has not held an evidentiary hearing specifically regarding the pending jurisdictional motions to dismiss, the Court finds that only a prima facie showing of personal jurisdiction is required at this stage of the case. However, to the extent that allegations of Plaintiff's FACs are controverted by other materials in the record, the Court will not take the controverted allegations as true. Instead, the Court will look to the record evidence, resolving factual disputes in Plaintiff's favor.

## IV. Discussion

In both the Alter Ego MTD and UFTA MTD, ADAB Mexico argues that it is a Mexican company operating solely in Mexico, that it does not do any business in Arizona, and that it lacks minimum contacts with Arizona sufficient to establish personal jurisdiction. (Doc. 99 at 3-6; Doc. 156 at 2.)

In the Alter Ego MTD, ADAB Mexico additionally argues that Plaintiff's alter-ego theory of liability is unsupported because (1) ADAB Mexico and Blessings are sister companies rather than a parent and subsidiary; (2) ADAB Mexico and Blessings engage in different businesses and have different customers; (3) Blessings has no authority or control over ADAB Mexico; (4) ADAB Mexico operates separately from Blessings and has its own address, telephone number, employees, bank accounts, and corporate and financial records; and (5) Plaintiff has failed to show that observance of the companies' separate corporate existence would sanction a fraud or promote injustice. (Doc. 99 at 6-10.) In the alternative, ADAB Mexico argues that the claims against it should be dismissed based on *forum non conveniens* because (1) relevant documents and witnesses are located in Mexico and written in or speak Spanish; (2) the issue of whether ADAB Mexico is an alter ego requires interpretation of Mexican law; and (3) Arizona does not have a compelling interest in resolving a dispute between OG, a California company, and ADAB Mexico, a Mexican company. (*Id.* at 10-12.)

ADAB Mexico attached a declaration by Abraham as an exhibit to its Alter Ego MTD. (Doc. 99-1.) It attached a supplemental declaration of David as an exhibit to its Reply in Support of the Alter Ego MTD. (Doc. 184-1.) Abraham's declaration avers that ADAB Mexico maintains its own bank account, telephone number, employees, and records in Mexico; that ADAB Mexico has no ownership interest in Blessings and no authority or control over Blessings, and vice versa; that ADAB Mexico and Blessings are engaged in different businesses and have different customers; that ADAB Mexico does no business in the United States and has no presence in Arizona; and that neither Abraham nor ADAB Mexico agreed to personally guarantee Blessings' debt to OG, nor

is either a party to the contract at issue in the Contract Action. (Doc. 99-1 at 3-5.) David's declaration avers that he and Abraham established ADAB Mexico in the 2011-2012 time-frame to increase production capacity; that all equipment exported by Blessings for use by ADAB Mexico continues to be owned by Blessings; and that key witnesses reside in Mexico. (Doc. 184-1 at 3-4.)

ADAB Mexico's UFTA MTD incorporates the Alter Ego MTD and further argues that Plaintiff's allegations that ADAB Mexico is the recipient of assets fraudulently transferred from Blessings is insufficient to satisfy the constitutional requirements for establishing personal jurisdiction. (Doc. 156 at 2-5.) ADAB Mexico notes that courts "have refused to institute a black letter rule that personal jurisdiction exists over the alleged recipient of a fraudulent transfer in any State in which the complaining creditor files suit." (*Id.* at 3.) ADAB Mexico further argues that it never engaged in or directed any activity at Arizona, and that no harm was suffered in Arizona or directed at Arizona, as the effects of any fraudulent transfer on OG—a California business—would be felt in California. (*See id.* at 4.) Plaintiff did not attach any affidavits in support of its UFTA MTD.

### A. General Jurisdiction

ADAB Mexico is not incorporated in Arizona, does not have its principal place of business in this state, and does not have affiliations with Arizona that are so continuous and systematic as to establish general personal jurisdiction. *See Goodyear Dunlop Tires Operations*, 564 U.S. at 919. However, Plaintiff argues that ADAB Mexico's act of registering itself as an active company authorized to do business in Arizona, which required appointing an agent to receive service of process in Arizona, renders ADAB Mexico subject to jurisdiction in this state. (Doc. 166 at 2; Doc. 166-3; Doc. 186 at 8.) Defendants counter that ADAB Mexico's application for authorization to do business in Arizona is insufficient to establish personal jurisdiction. (Doc. 197 at 3-4.)

Federal courts are split on the issue of whether a defendant consents to general personal jurisdiction in a state merely by registering to do business in that state and

appointing an agent to receive service of process there. *Compare Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183-84 (5th Cir. 1992) (registration and appointment of agent to receive service insufficient to establish general personal jurisdiction), *and Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 633-41 (2d Cir. 2016) (same); *with Bane v. Netlink, Inc.*, 925 F.2d 637, 640-41 (3d Cir. 1991) (registration and appointment of agent to receive service constituted consent to personal jurisdiction); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199-1200 (8th Cir. 1990) (same). In the Ninth Circuit, courts "look to state statutes and case law in order to determine whether a foreign corporation is subject to personal jurisdiction in a given case because the corporation has appointed an agent for service of process" in the forum state. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 576 (9th Cir. 2011). "[I]n the absence of broader statutory language or state court interpretations, the appointment of an agent for the service of process is, by itself, insufficient to subject foreign corporations to suits for business transacted elsewhere." *Id.* at 575. "The simple act of appointing a statutory agent is not, nor has it ever been, a magical jurisdictional litmus test." *Id.* at 576.

The Arizona Court of Appeals has held that "foreign corporations do not impliedly consent to general jurisdiction in Arizona merely by registering as foreign corporations and appointing agents for service of process." *Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1118 (Ariz. App. 2017). Plaintiff has failed to identify any Arizona statute or case law to the contrary. Accordingly, the Court does not find that ADAB Mexico's act of registering with the Arizona Corporation Commission and appointing an agent for service of process in Arizona constitutes consent to general personal jurisdiction in Arizona.

The Court has general jurisdiction over Blessings, which is incorporated in Arizona and has its principal place of business in this state. If the contacts of Blessings can be imputed to ADAB Mexico under an alter-ego theory, then this Court would have general jurisdiction over ADAB Mexico. *See Ranza*, 793 F.3d at 1070-71. However, the Court does not reach this issue because it finds that it has specific jurisdiction over

ADAB Mexico in the UFTA action, and both parties agree that if ADAB Mexico's UFTA MTD is denied, ADAB Mexico's Alter-Ego MTD may be denied as moot on the grounds of pendent jurisdiction.

### B. Specific Jurisdiction

Plaintiff argues that specific jurisdiction exists over ADAB Mexico because the company, acting through David and Abraham, committed an in-state intentional tort by transferring Blessings' assets. (Doc. 186 at 8-10 (citing *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597 (9th Cir. 2018)).) However, the evidence indicates that Blessings directed the transfer of its assets from Arizona, and ADAB Mexico accepted those assets in Mexico. Although this case is unique in that David and Abraham are the sole shareholders and officers of both Blessings and ADAB, the Court nevertheless declines to attribute the in-state initiation of the transfers to ADAB Mexico without first engaging in an alter-ego analysis. Accordingly, the Court will resolve the jurisdictional issue by applying the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984).

Under the *Calder* "effects" test, a defendant purposefully directs conduct at a forum state by (1) committing an intentional act, (2) expressly aimed at the forum state, (3) that causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food*, 303 F.3d at 1111). Plaintiff argues that ADAB Mexico purposefully directed conduct at Arizona by accepting fraudulently transferred assets from Blessings for the purpose of shielding Blessings from creditors seeking to collect in Arizona. (Doc. 186 at 10-16 (citing *Best W. Int'l Inc. v. I-70 Hotel Corp.*, No. CV11-1281-PHX-FJM, 2012 WL 2952363 (D. Ariz. July 19, 2012); *Donshen Textile (Holdings) Ltd. v. Rabinowitz*, No. CV 13-09030 SJO (SHx), 2014 WL 12638883 (C.D. Cal. July 3, 2014)).) As discussed in the Court's concurrently filed Order granting Plaintiff's Motion for Preliminary Injunction, Plaintiff had established a likelihood of success in proving that Blessings fraudulently transferred assets to ADAB Mexico. By knowingly accepting those assets, ADAB Mexico committed an intentional act, thereby satisfying the first element of the *Calder* "effects" test.

As Defendants point out, Courts have expressed skepticism regarding whether a non-resident defendant's receipt of fraudulently transferred assets automatically establishes specific personal jurisdiction in the state in which a complaining creditor resides. There is good reason for such skepticism, as the jurisdictional analysis is focused on the defendant's contacts rather than the plaintiff's residence. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 401 (5th Cir. 2009); *cf. Walden*, 571 U.S. at 283-86 (defendant's connections with forum, rather than plaintiff's, form basis for personal jurisdiction). However, in the present case, Plaintiff does not argue that personal jurisdiction would exist in any forum in which a creditor of Blessings happens to reside; instead, Plaintiff argues that personal jurisdiction exists in Arizona, where Blessings is subject to general personal jurisdiction in any collection action filed. The Court rejects Defendants' alternative argument that any harm from the transfer of assets from Blessings to ADAB Mexico would be felt only in California, where OG resides. "Harm sufficient to establish personal jurisdiction may be felt in multiple forums," and harm from a plaintiff's inability to collect on a judgment is felt in the location of the action as well as the residence of the plaintiff. *Best Western Int'l*, 2012 WL 2952363, at *4. Because interfering with a creditor's ability to obtain a collectable judgment against Blessings in a court in Arizona constitutes harm felt in Arizona, and the current record supports an inference that ADAB Mexico knew that such harm would occur in Arizona as a result of its receipt of assets from Blessings, the Court finds that all three elements of the *Calder* "effects" test have been sufficiently satisfied for purposes of a Rule 12(b)(2) motion to dismiss resolved without an evidentiary hearing.

The Court also notes that ADAB Mexico has other contacts with Arizona that are related to this litigation. ADAB Mexico was, according to Defendants, established for the purpose of processing shrimp for Blessings—an Arizona corporation. For years, Blessings was ADAB Mexico's sole customer. ADAB Mexico's sole owners and officers are domiciled in Arizona and the current record indicates they have taken actions on behalf of ADAB Mexico while located in Arizona. The current record also indicates

that Blessings' employees in Arizona have performed training and other services for ADAB Mexico. And, as noted above, ADAB Mexico is registered to conduct business in Arizona and has appointed an agent for service of process in this state. These contacts, when considered alongside ADAB Mexico's receipt of allegedly fraudulently transferred assets from a company subject to general jurisdiction in Arizona, are sufficient to establish a prima facie case of specific jurisdiction over ADAB Mexico.

### C. Pendent Personal Jurisdiction

"If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1178, 1181 (9th Cir. 2004)). The Court finds that Plaintiff's alter-ego allegations against ADAB Mexico arise out of the same common nucleus of operative facts as its UFTA allegations. Furthermore, Defendants conceded at oral argument that ADAB Mexico's Alter-Ego MTD would be moot if the Court were to deny ADAB Mexico's UFTA MTD. Accordingly, the Court finds that it has pendent personal jurisdiction over ADAB Mexico with respect to the Contract Action and will deny the Alter-Ego MTD as moot.

### D. *Forum Non Conveniens*

ADAB Mexico's Alter-Ego MTD—but not its UFTA MTD—argues that even if this Court has personal jurisdiction against ADAB Mexico, the Contract Action should be dismissed under the doctrine of *forum non conveniens*. Because ADAB Mexico failed to raise this argument in its UFTA MTD, and the Court is denying the UFTA MTD, the Court will deny the *forum non conveniens* argument as moot. Even if the Court were to resolve the argument on its merits, Defendants have not shown that Mexico is an adequate alternative forum, as Plaintiff will not consent to jurisdiction in Mexico with respect to Defendants' counterclaims in the Contract Action. *See Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011) (an adequate alternative forum

exists "when the entire case and all parties can come within the jurisdiction of that forum" (internal quotation omitted)). Furthermore, Defendants have not met their heavy burden of showing that dismissal based on *forum non conveniens* is appropriate. Nogales, Mexico, is located within driving distance of Tucson, Arizona, and given the unique facts of these consolidated actions, the parties will incur translation costs and contend with out-of-country witnesses and choice-of-law issues whether this case is tried in Arizona or in Mexico. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229-34 (9th Cir. 2011).

**IT IS ORDERED** that ADAB Mexico's Motion to Dismiss the UFTA Action (Doc. 156) is **denied**.

**IT IS FURTHER ORDERED** that ADAB Mexico's Motion to Dismiss the Contract Action (Doc. 99) is **denied as moot**.

Dated this 27th day of September, 2019.

_____
Honorable Rosemary Márquez
United States District Judge