**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with:<br>No. CV-19-00284-TUC-RM |
| v. | |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

     Pending before the Court is a Rule 12(b)(2) Motion to Dismiss ("MTD") filed by Pacific Ocean Harvest, S. De R.L. De C.V. ("Pacific Ocean") (Doc. 157.)[1]

## I.    Background

    This litigation began in July 2018, when Plaintiff Ocean Garden Products, Inc. ("OG") initiated a lawsuit against Blessings, Inc. ("Blessings") and David Mayorquin ("David") in case number CV-18-322. (Doc. 1.) OG later initiated a separate lawsuit alleging claims under Arizona's Uniform Fraudulent Trade Act ("UFTA") against numerous defendants, including Pacific Ocean, in case number CV-19-284. (Doc. 1 in CV-19-284) (the "UFTA Action"). After case numbers CV-18-322 and CV-19-284 were consolidated, OG filed a First Amended Complaint in the UFTA Action ("UFTA FAC"), the operative pleading with respect to Pacific Ocean. (Doc. 154.)

    On July 9, 2019, Pacific Ocean filed the pending MTD (Doc. 157), which was directed at OG's original UFTA Complaint but which the parties appear to agree may be

---

[1]    All record citations herein refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in CV-18-322.

treated as seeking dismissal of the claims asserted against Pacific Ocean in the UFTA FAC. (*See* Doc. 196 at 3 n.1; *see also* Doc. 186 at 4; *see generally* Doc. 187.) The MTD was fully briefed on August 26, 2019. (Docs. 187, 196.) The Court held oral argument on September 16, 2019, and took the matter under advisement. (Doc. 215.)

## II. Allegations of UFTA FAC Concerning Pacific Ocean

OG's UFTA FAC makes the following allegations with respect to Pacific Ocean:

At a time when Blessings was in serious financial distress and facing an existential threat from a criminal investigation, David and his brother Abraham Mayorquin ("Abraham") ran up Blessings' debt to OG and transferred millions of dollars—in addition to equipment and intangible assets—from Blessings to a Mexican company called ADAB Ocean Harvest, S. De R.L. De C.V. ("ADAB Mexico"), thereby isolating the debts of their shrimp business in Blessings and the assets in ADAB Mexico. (Doc. 154 at 2, 5-10.) David and Abraham later set up Pacific Ocean in Nogales to take over the business of ADAB Mexico (shrimp processing); they also set up a company called ADAB Ocean Harvest LLC ("ADAB Tucson") in Arizona to take over the business of Blessings (shrimp sales). (*Id.* at 2, 13-14.)

Pacific Mexico now processes shrimp from a building formerly occupied by ADAB Mexico in Nogales, Mexico, using ADAB Mexico's equipment, which ADAB Mexico received through fraudulent transfers from Blessings. (Doc. 154 at 14.) Pacific Ocean uses the equipment based on an insider lease negotiated by David and Abraham. (*Id.* at 14-15.) ADAB Mexico did not receive reasonably equivalent value in exchange for the equipment lease, and Pacific Mexico did not enter into the lease in good faith. (*Id.* at 17-18.) Abraham is the 99% owner of Pacific Ocean, but in reality David is still an equitable owner and shares in revenues funneled from ADAB Tucson to ADAB Mexico and Pacific Ocean. (*Id.* at 14-15.) Due to the Mayorquin brothers' "cross-border corporate shell game, Blessings is insolvent and judgment-proof" while ADAB Mexico and Pacific Ocean are operational "primarily thanks to the millions of dollars" transferred from Blessings. (*Id.* at 2.) Although Pacific Mexico is a Mexican entity with premises in

Nogales, Mexico, jurisdiction over it is proper because it is not a good-faith transferee of assets fraudulently transferred to it from Blessings via ADAB Mexico. (*Id.* at 3-4.)

### III.  Legal Standard

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017).  Arizona's long-arm statute permits the exercise of jurisdiction to the full extent permissible under the United States Constitution.  Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).  In order for the exercise of personal jurisdiction over an out-of-state defendant to comport with the requirements of due process under the United States Constitution, the defendant must "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  This is true even though the defendant is the moving party on a Rule 12(b)(2) motion to dismiss. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  But in the absence of an evidentiary hearing, the plaintiff need only make "a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation omitted).[2]

Personal jurisdiction can be general or specific.  General personal jurisdiction exists when the defendant's affiliations with the forum state are so "continuous and systematic" that the defendant can properly be said to be "at home" in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation omitted).  A corporate defendant is typically "at home" only in its state of incorporation and the state in which it has its principal place of business. *See id.* at 924.

---

[2]    The plaintiff must later establish the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Specific personal jurisdiction exists only when "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Three requirements must be satisfied for a court to exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant must have "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof" or "purposefully avail[ed itself] of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the claim must have arisen out of or relate to the defendant's forum-related activities; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). If the plaintiff meets its burden of showing sufficient minimum contacts to satisfy the first two requirements for exercising specific personal jurisdiction, the burden then shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (internal quotation omitted).

In evaluating a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court is not restricted to the four corners of the Complaint and may consider extrinsic evidence, including affidavits and discovery materials. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117 (2014). Uncontroverted allegations of a complaint must be taken as true. *Ranza*, 793 F.3d at 1068. Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).[3]

. . . .

---

[3] At oral argument, Defendants argued that looking only to the allegations of Plaintiff's FACs is inappropriate given the procedural history of this case, since the parties have engaged in some discovery and the Court held a three-day evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. The injunction hearing places the pending jurisdictional motion in an unusual procedural posture. Because the Court has not held an evidentiary hearing specifically regarding the pending jurisdictional motion, the Court finds that only a prima facie showing of personal jurisdiction is required at this stage of the case. However, to the extent that allegations of Plaintiff's UFTA FAC are controverted by other materials in the record, the Court will not take the controverted allegations as true. Instead, the Court will look to the record evidence, resolving factual disputes in Plaintiff's favor.

**IV.    Discussion**

Pacific Ocean argues that it lacks minimum contacts with Arizona sufficient to establish personal jurisdiction. (Doc. 157.) Pacific Ocean supports its argument with a declaration by Abraham. (Doc. 24-1 in CV 19-284.)[4] The declaration avers that Pacific Ocean is a Mexican corporation with its place of business in Nogales, Mexico. (*Id.* at 3.) Its employees and equipment are located in Mexico, it pays taxes in Mexico, and it does not advertise, operate, or have any physical presence in Arizona. (*Id.* at 5.) Pacific Ocean rents a building in Nogales, Mexico from an unrelated landlord. (*Id.*) It leases certain processing equipment from ADAB Mexico and pays fair market value for its use of the equipment. (*Id.*) Pacific Ocean is owned by Abraham and a non-party named Josè Ramòn Martinez; neither David nor Blessings have any ownership interest in the company and are not directly or indirectly involved in its day-to-day management. (*Id.* at 4.) Abraham created Pacific Ocean and ADAB Tucson in order to continue to sell shrimp to support his family after David and Blessings were indicted in a criminal case involving sea cucumber exportation. (*Id.*)

**A.    General Jurisdiction**

Pacific Ocean is not incorporated in Arizona, does not have its principal place of business in this state, and does not have affiliations with Arizona that are so continuous and systematic as to establish general personal jurisdiction. *See Goodyear Dunlop Tires Operations*, 564 U.S. at 919.

**B.    Specific Jurisdiction**

OG argues that specific jurisdiction exists over Pacific Ocean because the company, acting through Abraham, committed an in-state intentional tort by transferring Blessings' assets. (Doc. 187 at 4-6.) The Court previously declined to attribute Blessings' in-state initiation of asset transfers to ADAB Mexico without first engaging in an alter-ego analysis. (Doc. 217 at 9.) For the same reasons, the Court declines to

---

[4]    Pacific Ocean originally erroneously filed its MTD in CV-19-284 and attached Abraham's declaration to the Motion. Pacific Ocean failed to attach the declaration when it re-filed the Motion in CV-18-322. Accordingly, the Court cites to the declaration appearing on the docket in CV-19-284.

attribute Blessings' in-state initiation of asset transfers to Pacific Ocean. Furthermore, the Court notes that there is no evidence in the current record that any assets were transferred directly from Blessings to Pacific Ocean. Rather, the evidence indicates—at most—that Blessings directed the transfer of assets to ADAB Mexico, and Pacific Ocean later leased from ADAB Mexico equipment that had been transferred to ADAB Mexico from Blessings. Even if Pacific Ocean is not a good-faith transferee of assets originally transferred from Blessings to ADAB Mexico, Pacific Ocean's conduct—negotiating an equipment lease with ADAB Mexico—occurred in Mexico. Accordingly, OG has not shown that Pacific Ocean committed an intentional tort in Arizona.

OG argues that, even if Pacific Mexico's conduct took place in Mexico, the company is still subject to specific personal jurisdiction in Arizona under the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984). (Doc. 187 at 6-13.) Under that test, a defendant purposefully directs conduct at a forum state by (1) committing an intentional act, (2) expressly aimed at the forum state, (3) that causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Dole Food*, 303 F.3d at 1111). OG argues that Pacific Ocean is a beneficiary of equipment fraudulently transferred from Blessings to ADAB Mexico, and that the transfer was an intentional act that was expressly aimed at Arizona because it was done for the purpose of shielding Blessings from creditors seeking to collect in Arizona. (Doc. 187 at 6-13.)

The Court has already found that OG has established a likelihood of success in proving that Blessings fraudulently transferred assets to ADAB Mexico. (Doc. 218 at 8-10.) The Court has also found that OG has established a *prima facie* case of specific personal jurisdiction over ADAB Mexico based primarily on those alleged fraudulent transfers. (Doc. 217 at 9-11.) In finding personal jurisdiction over ADAB Mexico, the Court noted that harm from a plaintiff's inability to collect on a judgment may be felt in the forum state of the collection action as well as the state in which the plaintiff has its the principal place of business, *see Best Western Int'l*, 2012 WL 2952363, at *4, and that the record supports an inference that ADAB Mexico knew its receipt of assets from

Blessings would likely cause such harm in Arizona. (*Id.* at 10.)

OG's allegations supporting the exercise of personal jurisdiction over Pacific Ocean are significantly more tenuous than those supporting the exercise of personal jurisdiction over ADAB Mexico. Under Arizona's UFTA, "to the extent a transfer is voidable in an action by a creditor" the creditor may obtain a judgment against either "[t]he first transferee of the asset or the person for whose benefit the transfer was made," or "[a]ny subsequent transferee other than a good faith transferee who took for value." A.R.S. § 44-1008(B)(1)-(2). OG alleges that Pacific Ocean is a subsequent transferee of Blessings' equipment and is not a good-faith transferee who took for value. (Doc. 154 at 17-18; Doc. 187 at 10-11.)

OG does not argue that legal title to the equipment was transferred to Pacific Ocean; it merely alleges that Pacific Ocean is using the equipment pursuant to an insider equipment lease entered into by Pacific Ocean and ADAB Mexico. (Doc. 154 at 14-15.) Abraham avers that Pacific Ocean pays fair market value for its use of the equipment. (Doc. 24-1 at 5 in CV-19-284.) The current record does not contain evidence of the price Pacific Ocean pays or how that price was agreed upon. Nevertheless, even if the Court were to assume that Pacific Ocean does not pay fair market value for its use of the equipment, the circumstances are too tenuous to support a finding that Pacific Ocean knew that its mere use of the equipment would likely cause harm to creditors seeking to collect from Blessings in Arizona.[5] OG has failed to establish a *prima facie* case of personal jurisdiction over Pacific Ocean.

## C. Leave to Amend

OG argues that, if Pacific Ocean's MTD is granted, OG is entitled to leave to amend its UFTA FAC. (Doc. 187 at 14.) "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

---

[5] The Court notes that the allegations of OG's UFTA FAC imply that Pacific Ocean actually pays *more* than fair market value for the equipment lease as part of a scheme to allow David as co-owner of ADAB Mexico to share in revenues funneled from ADAB Tucson to ADAB Mexico via Pacific Ocean. (*See* Doc. 154 at 14-15.)

2003) (per curiam). Accordingly, in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment, leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Here, granting OG leave to amend will likely cause further delay in this case. Furthermore, OG has already amended its UFTA FAC once after being put on notice of the personal-jurisdiction issue. However, it is not entirely clear that the UFTA FAC's allegations against Pacific Ocean could not be saved by further amendment. Accordingly, the Court will grant leave to amend.

**IT IS ORDERED** that Pacific Ocean's Rule 12(b)(2) Motion to Dismiss (Doc. 157) is **granted**. The claims asserted in the UFTA FAC (Doc. 154) against Defendant Pacific Ocean Harvest, S. De R.L. De C.V. are **dismissed without prejudice for lack of personal jurisdiction**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date this Order is filed, Plaintiff Ocean Garden Products, Inc. may file a Second Amended UFTA Complaint containing additional or different allegations relevant to the issue of personal jurisdiction over Defendant Pacific Ocean Harvest, S. De R.L. De C.V.

Dated this 24th day of October, 2019.

Honorable Rosemary Márquez
United States District Judge