**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with:<br>No. CV-19-00284-TUC-RM |
| v. | |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

In an Order dated October 1, 2019, the Court granted Plaintiff leave to file a motion to waive deposition limits. (Doc. 224.) Plaintiff thereafter filed a Motion to Raise the Deposition Limit and for Sanctions. (Doc. 241.) In the Motion, Plaintiff asks the Court to raise the deposition limit by treating all depositions of former employees of Defendant Blessings Incorporated ("Blessings") as a single deposition. (*Id.* at 2, 17.) Plaintiff also accuses Defendant David Mayorquin of witness interference and requests that he be barred from attending depositions of former Blessings employees (*id.* at 3, 7-9); complains that Blessings had former employees sign non-disclosure agreements ("NDAs") and asks the Court to "clarify that the former employees can speak freely in depositions without fear of retribution under their NDA's" (*id.* at 2-3; *see also id.* at 6-8); and asks the Court to order David Mayorquin to pay Plaintiff's attorneys' fees incurred in connection with the Motion to Raise the Deposition Limit as a sanction for Defendants' alleged violations of the Mandatory Initial Discovery Pilot ("MIDP") program's requirements and alleged concealment of evidence related to Trader Joe's (*id.* at 5-6, 15-

16).

Defendants filed a Response (Doc. 251), in which they oppose Plaintiff's Motion and also complain about excessive discovery requests from Plaintiff's counsel (*id.* at 8-9); accuse Plaintiff's counsel of intimidating witnesses by abusing the subpoena power (*id.* at 2-3, 11-15); and request that the Court impose monetary sanctions on Plaintiff and Plaintiff's counsel in the form of an award of Defendants' reasonable attorneys' fees incurred in addressing Plaintiff's "continuous issuance of subpoenas and refusal to comply with *Lang*" (*id.* at 15). In addition, Defendants ask that "Plaintiff and its counsel be barred from using any witness statement, documentation, or information gained" from allegedly improper interviews of former Blessings employees; that the Court award Defendants "all attorneys' fees incurred" in responding to Plaintiff's Motion to Raise the Deposition Limit, and that the Court "withdraw its unilateral delegation of subpoena power to Plaintiff's counsel and require that he obtain court authorization before issuing any further subpoena in this matter." (*Id.* at 16.) Plaintiff filed a Reply. (Doc. 254.)

In an Order dated December 19, 2019, the Court ordered Defendants to file a notice either (A) averring that *ex parte* communications between Plaintiff's counsel and former Blessings employees are not prohibited by Rule 4.2 of the Arizona Rules of Professional Conduct and *Lang v. Superior Court*, 826 P.2d 1228, 1230-31 (Ariz. App. 1992), or (B) invoking *Lang*, listing the names of former Blessings employees covered by Rule 4.2's prohibition on *ex parte* communications, and explaining the grounds for Defendants' assertion of *Lang*. (Doc. 287.) Defendants filed the requisite Notice on January 10, 2020, listing fifteen individuals. (Docs. 310, 310-1.)

**I.      Deposition Limit**

Plaintiff must obtain leave of Court to take a deposition if the parties have not stipulated to the deposition and "the deposition would result in more than 10 depositions being taken" by Plaintiff under Rule 30 or 31 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2)(A)(i). The party moving to exceed the presumptive ten-deposition limit "has the burden to demonstrate good cause" for doing so. *Prostrollo v.*

*City of Scottsdale*, No. CV-12-1815-PHX-SMM, 2013 WL 12174690, at *2 (D. Ariz. July 3, 2013). The Court "must grant leave" to take additional depositions "to the extent consistent with Rule 26(b)(1) and (2)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2), the Court "must limit the frequency or extent of discovery" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff argues that all depositions of former Blessings employees should be treated as one deposition for purposes of the presumptive ten-deposition limit of the Federal Rules of Civil Procedure. Plaintiff bases this request on Defendants' invocation of *Lang*, indicating that the blanket invocation has prevented Plaintiff from informally interviewing former Blessings employees. (*See* Doc. 241 at 2, 6.) However, Plaintiff also argues that "informal, unsworn interviews" of former Blessings employees "will be utterly ineffective" either "because of the employees' NDA's, David [Mayorquin's alleged] witness-interference, or something else." (*Id.* at 7, 13 (internal citation omitted).)

Because Defendants' former blanket invocation of *Lang* prevented Plaintiff's counsel from conducting or attempting to conduct informal interviews of Blessings' employees, and in the absence of further corroborating evidence supporting Plaintiff's allegations concerning witness intimidation and/or witnesses' concerns regarding NDAs,

- 3 -

the Court finds that Plaintiff's argument that informal interviews would be ineffective is speculative. Defendants have narrowed their invocation of *Lang* to the fifteen employees listed in the attachment to their Notice of Rule 4.2 Covered Parties. (Doc. 310-1.) Accordingly, Plaintiff may attempt informal interviews of former Blessings employees not listed in the attachment to the Notice, as Defendants have conceded that those former employees are not covered by Ethical Rule 4.2 and *Lang*. At this time, since informal interviews have not yet been attempted, the Court finds that Plaintiff has not shown good cause to raise the deposition limit to allow for depositions of former employees not listed in the attachment to Defendants' Notice of Rule 4.2 Covered Parties.

Of the fifteen employees listed in the attachment to Defendants' Notice of Rule 4.2 Covered Parties, nine were involved in or supervised the management of the production and quality of shrimp—the topic upon which Plaintiff's desire for discovery precipitated the pending Motion to Raise the Deposition Limit. While Plaintiff has sufficiently shown the relevance of shrimp quality to this action, the topic is not of central importance in this case. Furthermore, it is not clear that Plaintiff will need to depose all nine employees in order to obtain the information that it seeks; deposing all nine may prove to be unreasonably cumulative or duplicative, and the burden and expense of taking all nine depositions might outweigh the likely benefit.

After considering Rules 26(b)(1)-(2) and 30(a)(2) of the Federal Rules of Civil Procedure, and given the information available at this point in time, the Court finds good cause to raise the deposition limit to allow Plaintiff to conduct three depositions—beyond the presumptive ten-deposition limit—of former Blessings employees listed in the attachment to Defendants' Notice of Rule 4.2 Covered Parties (Doc. 310-1) who were involved in or supervised the management of the production and quality of shrimp. If the three depositions prove insufficient, Plaintiff may re-raise the issue by following the discovery-dispute procedures set forth in the Court's Scheduling Order.

. . . .

. . . .

## II. NDAs

In their Response, Defendants aver that they have already confirmed that they "will not prohibit witnesses from answering questions at interviews based on their execution of an NDA." (Doc. 251 at 8.) Instead, "the interviews may be sealed and designated attorneys' eyes only." (*Id.*) Based on Defendants' Response, and Plaintiff's failure to support its request that the Court advise witnesses to disregard their NDAs, the Court rejects Plaintiff's request for an order advising former Blessings employees that they may testify freely without fear of retribution under their NDAs.[1]

## III. David Mayorquin's Attendance of Depositions

In an Amended Order dated December 23, 2019 which addressed three Motions for Orders to Show Cause filed by Plaintiff, the Court denied without prejudice Plaintiff's request to exclude Defendants from the depositions of two former Blessings employees, finding that Plaintiff's concerns regarding witness intimidation were, without further corroborating evidence, too speculative to establish good cause for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. (Doc. 292 at 2-3.) For the same reasons, the Court will deny Plaintiff's pending request to exclude Defendant David Mayorquin from all depositions of former Blessings employees.[2]

## IV. Sanctions

Both Plaintiff and Defendants devote numerous pages in their briefs to disparaging one another and their respective counsel and requesting sanctions against one another. The Court finds that Plaintiff's complaints regarding Defendants' alleged failure to comply with MIDP requirements and to disclose evidence concerning Trader Joe's are at most tangentially related to Plaintiff's request to raise the deposition limit and are largely outside the scope of the deposition-limit issue for which the Court granted the parties leave to file written briefs. The Court does not find that the allegations sufficiently

---

[1] The Court also notes that the parties' dispute concerning the impact of NDAs is outside the scope of the deposition-limit issue for which the Court granted the parties leave to file written briefs.

[2] Like the parties' dispute concerning the impact of NDAs, the dispute concerning David Mayorquin's attendance of depositions is outside the scope of the deposition-limit issue for which the Court granted the parties leave to file written briefs.

- 5 -

support Plaintiff's request that David Mayorquin be required to pay Plaintiff's attorneys' fees incurred in connection with the Motion to Raise the Deposition Limit.

Defendants' requests for sanctions against Plaintiff and its counsel were improperly embedded in Defendants' Response instead of being made in the form of a motion. Furthermore, Defendants' allegations concerning Plaintiff's counsel's alleged abuse of the subpoena power are outside the scope of the deposition-limit issue for which the Court granted the parties leave to file written briefs.

The Court will deny both parties' requests for sanctions against one another. The Court notes that both parties bear fault for the lack of professionalism and cooperation that has become a recurring issue during discovery in this case.

**IT IS ORDERED** that Plaintiff's Motion to Raise the Deposition Limit and for Sanctions (Doc. 241) is **partially granted and partially denied**. Plaintiff's Motion is partially granted to the extent that the Court will allow Plaintiff to take **three additional depositions** beyond the presumptive ten-deposition limit. The three additional depositions shall be limited to current or former Blessings employees listed in the attachment to Defendants' Notice of Rule 4.2 Covered Parties (Doc. 310-1) who were involved in or supervised the management of the production and quality of shrimp. Plaintiff's Motion is otherwise denied.

Dated this 4th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge