# Exhibit 1

**Zachary Rosenberg**

| | |
|---|---|
| **From:** | William G. Klain |
| **Sent:** | Thursday, January 30, 2020 10:57 AM |
| **To:** | David Mannion; 'Javier Alatorre' |
| **Cc:** | 'Jon Saffer'; Zachary Rosenberg |
| **Subject:** | RE: Blessings: privileged production issue |

David – As with the prior email chain we have been discussing, Blessings asserts that the email chain attached to your below email was likewise inadvertently produced and is the subject of attorney-client, work product, and common interest privileges. Pending any ruling by the Court, we request that you implement "down-tools" as required by Rule 269b)(5)(B). In this regard, you are required to sequester, destroy, or return the email (and all electronic copies), retrieve any copies that have been sent to anyone by you, and not use or disclose it until the issue of privilege is resolved. You may also promptly present it to the Court under seal for determination if you want to use it before we are unable to resolve the issue before you might want to use it.

As with the other email chain, we will not argue that your failure to present it to the Court for determination before next Thursday (2/6) represents any lack of promptness on your part.

As I mentioned when we spoke, there were a handful of other email chains to which we assert privilege that were inadvertently produced and subject to the same obligations as described above. We identified those through database-wide searches performed after you brought the initial email chain we have been discussing to my attention. I am working to identify by those for you by bates-range and produce a privilege log in reference to the same either today or, at the latest, tomorrow.

Regards - Bill

---

**From:** David Mannion [mailto:dmannion@blakeleyllp.com]
**Sent:** Wednesday, January 29, 2020 2:05 PM
**To:** 'Javier Alatorre'; William G. Klain
**Cc:** 'Jon Saffer'; Zachary Rosenberg
**Subject:** RE: Blessings: privileged production issue

Bill/Javier,

FYI attached additional document that was just brought to my attention and that I don't think was included with my 1/23 email.

Thanks.

---

**From:** David Mannion [mailto:dmannion@blakeleyllp.com]
**Sent:** Tuesday, January 28, 2020 10:24 PM
**To:** 'Javier Alatorre'; 'William G. Klain'
**Cc:** 'Jon Saffer'; 'Zachary Rosenberg'
**Subject:** RE: Blessings: privileged production issue

Bill/Javier,

Attached is a draft stip. along the lines of what we discussed on the LRCiv 7.2(j) call to address Bill's slippery slope concerns re: agreeing to the use of the emails. Per Bill's request we're fine continuing the meet & confer through 2/6, subject to your agreement to 1 & 2 below, with the understanding that if a stip. isn't filed by 2/6 OG will have discharged its meet & confer obligations.

1. Bill will co-ordinate with all interested Defendants to provide a proposed stip. (if any) that would be acceptable to the Defendants by 2/4. We understand the Defendants may be unwilling to propose any stip. and a motion may be unavoidable.
2. Bill will act as the liaison with all Defendants for all purposes related to this dispute and I will not contact the other Defendants about it.

As discussed, OG reserves all rights and arguments concerning the documents identified on 1/23 and the additional documents Bill mentioned today were inadvertently produced. Based on the Defendants' requested timeline, the soonest we would be contacting the Court would be 2/7, an order might not be entered authorizing a motion until 2/14, and a month or more may have passed without the Defendants seeking any relief. It will be OG's position that such a delay (and any delay concerning the additional documents identified today) supports a finding of waiver. If the Defendants want to accelerate a resolution prior to 2/6, I will make myself available.

Lastly, I meant to ask whether a joint defense agreement was signed and, if so, when, thanks.

---

**From:** Javier Alatorre [mailto:jalatorre@benavidezlaw.com]
**Sent:** Tuesday, January 28, 2020 2:30 PM
**To:** wklain@lang-klain.com; Jon Saffer; David Mannion
**Subject:** Re: Blessings: Notice re Document Production

David

Based on our discussions today I must reiterate these points in writing.

Pursuant to Fed. R. Civ. P. 26(b)(5)(B) I am giving written you notice that ADAB maintains that the emails you were provided by Blessings to you include information that is protected by attorney client privilege and attorney work product.

These documents include my communications with my client ADAB and its officers. They include statements of my impressions regarding my representation and my investigation and work for my client. They are also covered by a common interest of all defendants which extends attorney client privilege and work product protections to counsel's communications with the other defendants.

Per our phone call today, I will be discussing this issue with co-counsel and we will have final position by February 6, 2020 regarding your request for a limited use stipulation. However, as of now, our position is this is privileged and cannot be used by you in any form unless you have either an agreement from ADAB and Blessings, or a court order that finds the privilege is waived.

For this reason, I reiterate to you, as we did on the phone today, ADAB maintains that pursuant to the rules you may NOT use or disclose the information pending resolution of the privilege claim.
Thank you

Javier Alatorre
Benavidez Law Group, P.C.
7400 N. Oracle Road, Suite 143
Tucson, Arizona 85704
(520) 623-1461
www.benavidezlaw.com

---

**From:** David Mannion [mailto:dmannion@blakeleyllp.com]
**Sent:** Tuesday, January 28, 2020 10:59 AM
**To:** 'Javier Alatorre'; 'William G. Klain'
**Cc:** 'Jon Saffer'; 'Zachary Rosenberg'
**Subject:** RE: Blessings: Notice re Document Production

Javier, your position is noted.  OG's position is in my email this morning and we can discuss this afternoon, thanks.

---

**From:** Javier Alatorre [mailto:jalatorre@benavidezlaw.com]
**Sent:** Tuesday, January 28, 2020 10:35 AM
**To:** 'William G. Klain'; David Mannion
**Cc:** 'Jon Saffer'; 'Zachary Rosenberg'
**Subject:** RE: Blessings: Notice re Document Production

David

To be clear, I agree with Bill. Your unilateral designation of a deadline is unreasonable.
There are several parties that need to discuss this issue first, as well as to review the documents. This does not require that the parties drop what they are doing.

Your Jan 23, 2020 9:44pm email states:

"I am travelling and in meetings tomorrow but we will preserve the status quo until we hear back from you, thanks."

Clearly, you agree that time must be allotted for all parties involved to review and discuss the issues before we discuss them with you. This includes allowing ALL of us to meet our immediate commitments such as travel, meetings, or depositions.

It should also be noted that you sent that email on Thursday night, and informed us you would not be available on Friday due to travel and meetings. Thus, the first business day you were available to discuss this was yesterday. Bill and I intended to discuss these issues with you yesterday but our respective schedules did not allow for it. So I must agree with Bill that your self imposed deadline of Thursday is unreasonable.

That said, I see no reason why we cannot figure this thing out this week. Talk to you soon

Thank you

Javier Alatorre
Benavidez Law Group, P.C.
7400 N. Oracle Road, Suite 143
Tucson, Arizona 85704
(520) 623-1461
www.benavidezlaw.com

On Jan 28, 2020, 11:12 AM -0700, David Mannion <dmannion@blakeleyllp.com>, wrote:

Bill, understood, and your position is noted. Obviously we gave notice of the document production on 1/23 and, to date, nobody has even asserted the documents are privileged. If the documents are claimed to be privileged, we would have assumed this would be a priority, as reflected by the fact many protective order motions in these situations are filed on an emergency basis. Given the modest amount of time needed for Blessings to meet & confer and, if necessary, request permission to file a PO motion, we were just letting you know that absent some extraordinary circumstances we're unaware of, we maintain the documents will be usable by OG next week if those preliminary steps still haven't been taken by Blessings. Thanks

**From:** William G. Klain [mailto:wklain@lang-klain.com]
**Sent:** Tuesday, January 28, 2020 8:26 AM
**To:** David Mannion; Javier Alatorre
**Cc:** Jon Saffer; Zachary Rosenberg
**Subject:** RE: Blessings: Notice re Document Production

David – Additionally, and so that it does not go unaddressed, I suggest to you in reference to your below statement about the reasonableness of a week's time that such cannot be measured in a vacuum without regard to consideration of the circumstances and competing time demands faced by the person whose action is sought, especially in the face of assertion of unilateral imposition of an arbitrary deadline. Regards - Bill

**William G. Klain**
*Partner*
**Direct: 480-534-4872 (voice/text)|Website|vCard**

Lang & Klain, PC
6730 N. Scottsdale Rd., Suite 101 | Scottsdale, AZ  85253
480-534-4900

4

**From:** David Mannion [mailto:dmannion@blakeyllp.com]
**Sent:** Monday, January 27, 2020 8:25 PM
**To:** Javier Alatorre
**Cc:** Jon Saffer; William G. Klain; Zachary Rosenberg
**Subject:** Re: Blessings: Notice re Document Production

I'm open all day, will wait to hear back from Bill.

On Mon, Jan 27, 2020 at 7:20 PM Javier Alatorre <jalatorre@benavidezlaw.com> wrote:

Given the issues I must request to be included in the call.

Let me know what times work for you both.

J

Sent from my iPhone

On Jan 27, 2020, at 7:30 PM, David Mannion <dmannion@blakeyllp.com> wrote:

Bill, that's fine but if Blessings maintains the documents were privileged, please note it is our position that a week (1/31) was a reasonable time for Blessings to take protective measures (*i.e.*, meet & confer and, if necessary, seek permission to file a protective order motion). To facilitate that, I will make myself available any time tomorrow for a LRCiv 7.2(j) call. Thanks

**From:** William G. Klain [mailto:wklain@lang-klain.com]
**Sent:** Monday, January 27, 2020 4:07 PM
**To:** David Mannion
**Cc:** 'Jon Saffer'; jalatorre@benavidezlaw.com; Zachary Rosenberg
**Subject:** RE: Blessings: Notice re Document Production

David – I have been sidetracked all day today with a major filing, and will be in a meeting for a good part of the morning, but will follow up with you as soon as I can to respond substantively to your email. For present purposes, and until we can confer, please continue to implement down-tools as provided for in Rule 26(b)(5)(B). I agree that OG's rights are neither waived nor impaired while we attempt to resolve this issue.

Regards - Bill

**William G. Klain**
*Partner*
**Direct: 480-534-4872 (voice/text)|Website|vCard**
Lang & Klain, PC
6730 N. Scottsdale Rd., Suite 101 | Scottsdale, AZ  85253
480-534-4900

---

**From:** David Mannion [mailto:dmannion@blakeleyllp.com]
**Sent:** Monday, January 27, 2020 1:38 PM
**To:** William G. Klain
**Cc:** 'Jon Saffer'; jalatorre@benavidezlaw.com
**Subject:** RE: Blessings: Notice re Document Production


Bill,

That's fine, although if Blessings, ADAB Mexico, or any other defendant maintains the documents are privileged and we can't reach a consensual resolution, OG has to take "prompt" action (Rule 26(b)(5)(B)) to file them under seal while any dispute is litigated.  Please confirm all defendants agree OG's rights will not be waived or otherwise impaired while we wait to meet & confer re: this, thanks.

---

**From:** William G. Klain [mailto:wklain@lang-klain.com]
**Sent:** Friday, January 24, 2020 8:13 PM
**To:** David Mannion
**Cc:** Jon Saffer; jalatorre@benavidezlaw.com
**Subject:** Re: Blessings: Notice re Document Production


David, I was tied up with a deposition all day today, that I was preparing for yesterday, but will be responding to this email on Monday. Thank you for your patience. Regards, Bill


**William G. Klain**
*Partner*
**Direct: 480-534-4872 (voice/text) | Website |
vCard**

\<image001.jpg\>

**6730 N. Scottsdale Rd., Suite 101 |
Scottsdale, AZ  85253**
**480-534-4900** | Fax: 480-970-5034

---

On Jan 23, 2020, at 9:43 PM, David Mannion <dmannion@blakeleyllp.com> wrote:

Bill/Jon/Javier,

FYI, the attached was produced by Blessings last week.  We don't think it's privileged or, if it was, any privilege was waived.  I'm just letting you know in case your clients maintain it was inadvertently produced so they can pursue protective measures if necessary.  Obviously OG reserves all rights re: its discoverability, admissibility, etc.

If your clients assert that the attached is privileged, please provide the bates-numbers for all other purportedly privileged documents produced ASAP, together with a privilege log.  I am travelling and in meetings tomorrow but we will preserve the status quo until we hear back from you, thanks.

**David M. Mannion**

18500 Von Karman Ave, Suite 530 | Irvine, California 92612
Direct: (949) 260-0611 | Cell.: (646) 571-8404 | Fax: (949) 260-0613
DMannion@BlakeleyLLP.com   |   www.BlakeleyLLP.com
Orange County  |  Los Angeles  |  New York  |  Delaware

 Admitted in California and New York

The preceding e-mail message is subject to Blakeley LLP's E-mail Policy which can be found at http://www.blakeleyllp.com/emailPolicy.php

David M. Mannion

**Blakeley LLP**

Tel.: (949) 260-0611

Mobile: (646) 571-8404

Admitted in New York & California

---

**Total Control Panel**                                                                                           Login

To: wklain@lang-klain.com                    Remove this sender from my allow list
From: dmannion@blakeleyllp.com

*You received this message because the sender is on your allow list.*