**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with:<br>No. CV-19-00284-TUC-RM |
| v. | |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

Pending before the Court are Motions for Summary Judgment ("MSJ") filed by Amanda Lopez Vergara ("Vergara") (Doc. 328) and Viviana Lopez ("Lopez") (Doc. 332). Plaintiff Ocean Garden Products Inc. ("OG") responded to the Motions (Docs. 348, 354) and later filed a Motion Under Rule 56(d) to Defer Decision of Summary Judgment Motions ("Rule 56(d) Motion") (Doc. 386). Vergara and Lopez filed Replies in support of their MSJs (Docs. 384, 385), and responded in opposition to Plaintiff's Rule 56(d) Motion (Docs. 394, 395). Plaintiff filed a Reply in support of the Rule 56(d) Motion (Doc. 397), and later filed a Motion to Supplement the Rule 56(d) Motion (Doc. 404). Vergara filed an Objection to the Motion to Supplement. (Doc. 407.) For the following reasons, the Rule 56(d) Motion will be granted, the Motion to Supplement will be denied as moot, and the Motions for Summary Judgment will be denied without prejudice, with leave for Vergara and Lopez to re-file the motions after the close of discovery.[1]

. . . .

---

[1] Other pending motions will be resolved separately.

I. **Background**

OG sues Vergara and Lopez under Arizona's Uniform Fraudulent Transfer Act ("UFTA"), A.R.S. §§ 44-1004 and 44-1005. (Doc. 260 at ¶¶ 156-194.) In its Second Amended Complaint ("SAC"), OG alleges that Vergara and Lopez have benefited from fraudulent transfers orchestrated by their husbands David and Abraham Mayorquin. (*Id.* at ¶ 122.) OG further alleges that Blessings paid Vergara and Lopez $10,000 every month from October 2010 onward without an exchange of reasonably equivalent value, and that over $1 million of Blessings' funds were used to pay a credit card held by Vergara. (*Id.* at ¶¶ 103-105.) OG also indicates that David and Abraham diverted funds from Blessings and other entities to build luxury homes that they live in with Vergara and Lopez. (*Id.* at ¶¶ 110-11, 119-20.) In addition, OG alleges that Vergara and Lopez benefited from excessive salary transfers to their husbands David and Abraham. (*Id.* at ¶¶ 102, 157, 162.)

In her MSJ, Vergara argues that there is no evidence that she knew about, signed, or participated in any alleged guaranties or loans set forth in the SAC, and that David's personal guarantee of Blessings' debt cannot bind community property. (Doc. 328 at 6-12.) She further argues that there is no evidence that she fraudulently transferred any assets of Blessings. (*Id.* at 4-6.) Specifically, she contends that the credit card payments referenced in the SAC were mostly for business travel arrangements that she made for David, and that any charges for personal expenses were properly classified as owner draws. (*Id.* at 4.) She also contends that she has not worked for or been paid by Blessings since February 2011. (*Id.*)

Lopez similarly argues in her MSJ that she ceased working for Blessings in 2011 and that she has not received any wages or payments from the company since. (Doc. 332 at 6-7.) She also argues that she never received any assets after the period in which Blessings allegedly became insolvent or faced an existential threat, and that she is not a person who benefited from transfers for purposes of the UFTA merely by virtue of being the spouse of Abraham. (*Id.* at 6-12.)

OG argues in its Responses that the MSJs are premature but that evidence already exists showing that Vergara and Lopez received wages after they aver that they stopped working for Blessings, and that Blessings paid for personal credit card expenses incurred by Vergara and Lopez. (Doc. 348 at 2-3, 5-9, 15-16; Doc. 354 at 2-4, 6-7, 12-16.) OG further argues that there are triable issues regarding whether the homes owned by Vergara, Lopez, and their husbands were acquired with funds misappropriated from OG. (Doc. 348 at 11-13; Doc. 354 at 9-11.) OG also questions transfers of funds from Blessings to the Mayorquins' church, La Roca Comunidad Cristiana, and the "apparent relocation of Blessings' profit-center to defendant ADAB Ocean Harvest LLC." (Doc. 348 at 9-11, 13-14; Doc. 354 at 8-9, 11-12, 16-17.) In addition, OG argues that the presumption against enforcing a personal guarantee against marital property does not bar OG's recovery against Vergara on its UFTA claims. (Doc. 348 at 17-18.)

In its Rule 56(d) Motion, OG argues that Defendants have a history of obstructing discovery and filing premature dispositive motions on the back of that obstruction. (Doc. 386 at 2-3, 5.) OG argues that, in order to properly respond to Vergara and Lopez's MSJs, it needs discovery regarding the credit card expenses paid by Blessings, the salaries paid by Blessings to Vergara and Lopez, money transferred into joint bank accounts, estate-planning work conducted in 2013, and money transferred from Blessings to other entities. (*Id.* at 6-18.) Accordingly, OG asks the Court to defer its decision on Vergara and Lopez's MSJs until discovery is complete. (*Id.* at 3-4.) OG supports its Rule 56(d) motion with affidavits (Docs. 386-1, 386-2) and other evidence (Docs. 386-3 to 386-9). In response to the Rule 56(d) Motion, Vergara and Lopez argue that OG should not be allowed further discovery on its allegedly baseless claims (Docs. 394, 395), and that it is "pure speculation and highly improbable" that further discovery will allow OG to produce any more evidence than it already has produced (Doc. 395 at 3).

In its Motion to Supplement, OG requests leave to file a one-page supplement to its Rule 56(d) Motion. (Doc. 404.) The Supplement argues that Vergara has alleged that OG's subpoena for David's bank records invades her privacy, thus admitting—according

to OG—that excessive salary transfers to David were deposited into joint accounts that she shares with David. (Doc. 404-1.) In response, Vergara argues that the supplement relies upon incorrect assumptions and that it misrepresents communications she made to OG. (Doc. 407.)

## II. Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and to show (1) that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and (2) that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *see also Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In evaluating a motion for summary judgment, the court must "draw all reasonable inferences from the evidence" in favor of the non-movant. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). If "the evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial." *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery." Fed R. Civ. P. 56(d).  The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)).[2]  "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks omitted). However, Rule 56(d) relief should generously be granted where a summary judgment motion is filed early in the litigation, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).  Unless the non-moving party has failed to diligently pursue discovery, such relief should be granted "'almost as a matter of course.'" *Id.* (quoting *Wichita Falls Office Ass'n v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

**III.    Discussion**

After Vergara and Lopez filed their MSJs, the parties jointly moved to extend discovery and other pretrial deadlines (Doc. 377), and the Court granted the request, extending the discovery cut-off date to August 21, 2020 (Doc. 382).  Vergara and Lopez's MSJs were filed six months before the current discovery cut-off date.  The Court finds that OG has been diligent in pursuing discovery in this case.  Indeed, the Court considers that finding undisputed, given prior stipulations by the parties and Defendants' frequent complaints about the zealousness of OG's discovery efforts.  (*See* Doc. 300 at 8

---

[2] The current subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)."  *See* Fed. R. Civ. P. 56(d), advisory committee notes to 2010 amendment.

(parties stipulating that OG has been diligent in pursuing discovery in this case).) The Court further finds that the early filing of Vergara and Lopez's MSJs deprived OG of a "realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773-74.

The declaration of David Mannion in support of OG's Rule 56(d) Motion sufficiently shows the facts that OG hopes to elicit from further discovery. (Doc. 386-2.) OG has identified specific areas of discovery concerning the individual Defendants' 2013 estate planning, Vergara and Lopez's credit card expenses, salary payments to Vergara and Lopez, and the tracing of funds sent from Blessings to other entities, particularly ADAB Ocean Harvest, S. De R.L. De C.V. and Pacific Ocean Harvest, S. De R.L. De C.V. The declaration also sufficiently establishes the existence and materiality of its sought-after facts. Because OG has not had a full opportunity to discover evidence in support of its claims, Defendants' argument that those claims should be dismissed for lack of evidence is premature.

The Court will grant OG's Rule 56(d) Motion and deny Vergara and Lopez's MSJs without prejudice. Vergara and Lopez are granted leave to re-file their MSJs after the close of discovery. In light of the Court's granting of OG's Rule 56(d) Motion, OG's request to supplement its Rule 56(d) Motion will be denied as moot.

**IT IS ORDERED:**

1. Plaintiff's Motion Under Rule 56(d) to Defer Decision of Summary Judgment Motions (Doc. 386) is **granted**.
2. Defendant Amanda Lopez Vergara's Motion for Summary Judgment (Doc. 328) is **denied without prejudice**, with leave to re-file after the close of discovery.
3. Defendant Viviana Lopez's Motion for Summary Judgment (Doc. 332) is **denied without prejudice**, with leave to re-file after the close of discovery.

. . . .

- 6 -

4.  Plaintiff's Motion to Supplement (Doc. 404) is **denied as moot**.

Dated this 30th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge