**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Blessings Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Ocean Garden Products Incorporated's ("OG") Motion to Amend Its Complaint Against Amanda Lopez Vergara and Viviana Lopez. (Doc. 342.)[1] Defendants David Mayorquin, Viviana Lopez ("Lopez"), and Amanda Lopez Vergara ("Vergara") filed Responses opposing the Motion. (Docs. 358, 359, 360.) OG filed a Reply. (Doc. 374.) For the following reasons, the Motion to Amend will be granted.

**I.    Background**

OG initiated this litigation on July 2, 2018, when it filed a lawsuit against David Mayorquin and Blessings, Inc., alleging breach of contract and other claims ("the Contract Action"). (Doc. 1.) The Court issued a Scheduling Order on October 10, 2018, providing a deadline of December 12, 2018 for amending pleadings. (Doc. 27 at 2.) OG moved for leave to file a First Amended Complaint in the Contract Action on that deadline. (Doc. 63.) The Court granted leave to amend (Doc. 83), and OG filed its First

---
[1] All record citations refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in CV 18-322.

Amended Complaint in the Contract Action on January 29, 2019 (Doc. 86).

On May 22, 2019, OG initiated a separate lawsuit in CV 19-284-TUC-RM, alleging claims under Arizona's Uniform Fraudulent Transfer Act against numerous defendants, including Lopez and Vergara ("UFTA Action"). (Doc. 1 in CV-19-284.) The parties jointly moved to consolidate CV 18-322 and CV 19-284 (Doc. 144), and the Court granted the Joint Motion (Doc. 146). In its consolidation Order—which was based on a proposed order submitted by OG with the parties' Joint Motion to Consolidate—the Court specified that, "[e]xcept for good cause shown or unless otherwise ordered by the Court," the pleadings in the UFTA Action could not be amended "after the expiration of the deadline to amend as a matter of course under Fed. R. Civ. P. 15(a)(1)." (Doc. 146 at 2; *see also* Doc. 144-2.) OG filed a First Amended Complaint in the UFTA action as a matter of course on July 8, 2019. (Doc. 154.) OG then filed a Second Amended Complaint ("SAC") in the UFTA action, with leave of Court, on November 25, 2019. (Doc. 260; *see also* Doc. 239.)

OG now seeks leave to file a Third Amended Complaint ("TAC") in the UFTA Action in order to join Vergara and Lopez for purposes of Arizona's community property law. (Doc. 342.) The proposed TAC adds allegations that David and Abraham Mayorquin acted on behalf of their wives Vergara and Lopez, to benefit the marital communities. (Doc. 342-2 at 4; Doc. 342-3 at 4.) OG argues that the proposed amendment "will be less prejudicial and more efficient" than litigating community property defenses post-judgment. (*Id.* at 17.) Plaintiff further argues that the amendment should be permitted under Rules 15(a)(1) and 16(b)(4) of the Federal Rules of Civil Procedure, and it blames Vergara and Lopez's delayed disclosure of community property defenses for its own delay in seeking amendment. (*Id.* at 11-17.)

Defendants argue that the allegations in OG's proposed amendment could have been made in OG's original Complaint, First Amended Complaint, or Second Amended Complaint, and that OG has failed to show good cause pursuant to Rule 16(b)(4) to modify the Scheduling Order. (Doc. 358 at 5-6; Doc. 359 at 2, 4-5; Doc. 360 at 2-3, 7-9.)

1  With respect to OG's argument concerning the delayed disclosure of community property
2  defenses, Defendants contend that it is not their responsibility "to ensure that Plaintiff . . .
3  has a basic understanding of Arizona law." (Doc. 358 at 5; *see also* Doc. 359 at 5 and
4  Doc. 360 at 7-8.) Defendants also argue that they would be prejudiced by OG's proposed
5  amendment. (Doc. 359 at 3; Doc. 360 at 9.)

6  In Reply, OG argues that, regardless of whether it was diligent, "[c]ommon sense,
7  case-law, and basic fairness militate" in favor of allowing its proposed amendment.
8  (Doc. 374 at 2.) OG contends that Rule 16 should not function "'as an inflexible
9  straightjacket,'" and that amendments should be allowed if they do "'not significantly
10 prejudice either party.'" (*Id.* (quoting *Kendrick v. Cnty. of San Diego*, No. 15CV2615-
11 GPC(RBB), 2017 WL 2692903, at *3, 5 (S.D. Cal. June 22, 2017)); *see also id.* at 3-5.)
12 OG further argues that it was diligent because its amendment is tied to Vergara and
13 Lopez's "failure to timely disclose their community property defenses," and that
14 Defendants have failed to meet their burden of establishing prejudice under Rule 15(a).
15 (*Id.* at 5-10.)

16 **II.   Legal Standard**

17 In cases in which a scheduling order's deadline for amending pleadings has
18 expired by the time a motion to amend is filed, the motion is properly examined first
19 under Federal Rule of Civil Procedure 16(b)(4) as a motion to modify the scheduling
20 order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson*
21 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). Rule 16(b)(4)
22 provides that a scheduling order "may be modified only for good cause and with the
23 judge's consent." "This standard 'primarily considers the diligence of the party seeking
24 the amendment.'" *Coleman*, 232 F.3d at 1294 (quoting *Johnson*, 975 F.2d at 609); *see*
25 *also* Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment (a pretrial
26 schedule may be modified "if it cannot reasonably be met despite the diligence of the
27 party seeking" the modification). If the moving party "was not diligent, the inquiry
28 should end." *Johnson*, 975 F.2d at 609; *see Wong v. Regents of Univ. of Cal.*, 410 F.3d

1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders . . . .").

If the party seeking to amend shows good cause under Rule 16(b)(4), the Court must then analyze whether amendment would be proper under the liberal requirements of Rule 15(a). *Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). With the exception of amendments made as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The district court has discretion in determining whether to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but leave should freely be given "when justice so requires," Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend under Rule 15(a)(2), the Court considers whether there has been "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman*, 371 U.S. at 182). "Delay alone does not provide sufficient grounds for denying leave to amend" under Rule 15(a)(2). *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

**III.  Discussion**

The Court first analyzes OG's Motion to Amend under Rule 16(b)(4) because OG filed the Motion after the expiration of the Scheduling Order's deadline for amending pleadings. In analyzing OG's diligence in seeking amendment, the Court notes that the proposed amendment is not based on newly discovered facts; OG has known since the beginning of this litigation that David and Abraham Mayorquin are married to Vergara and Lopez. OG complains that Defendants did not signal their intent to assert a community property defense until December 24, 2019. (Doc. 342 at 2-3.) However, OG could have anticipated the community property issue and could have included its

proposed allegations concerning David and Abraham acting on behalf of their marital communities in its original Complaint or in prior amendments. OG's failure to include such allegations earlier in this litigation displays a lack of diligence.[2]

Despite OG's arguable lack of diligence, the Court nevertheless finds that good cause exists to modify the Scheduling Order under Rule 16(b)(4) based on an "overall evaluation of the rights of the parties, the ends of justice, and judicial economy." *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (internal quotation marks and alteration omitted). Vergara and Lopez are already defendants in this action, and the SAC already alleges that they benefitted from all fraudulent transfers orchestrated by their husbands David and Abraham Mayorquin. (Doc. 260 at ¶¶ 119-122.) OG's proposed TAC adds only two sentences joining Vergara and Lopez for purposes of Arizona's community property law; it adds no new factual allegations. The Court is extremely reluctant to take any action that could cause delay in these proceedings, as this litigation has already suffered from numerous delays and a litany of discovery disputes, and the scope of the litigation has expanded considerably since the filing of OG's original Complaint in the Contract Action. However, OG has sufficiently shown that allowing its proposed amendment is likely to further the interests of judicial efficiency by preventing the potential post-judgment litigation of community property defenses.

Furthermore, Defendants have not shown that allowing OG's proposed amendment would cause them to suffer prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). Discovery in this case does not close until August 21, 2020 (Doc. 382 at 2), and Defendants have not shown that the filing of OG's proposed TAC will cause any discovery delays. Defendants complain that they would need to file amended answers if OG were allowed to file its proposed TAC, but the filing of amended answers

---

[2] The Court also notes that the timing of OG's Motion to Amend appears to be connected to its retention of local counsel who, presumably, is more familiar with Arizona's community property law. OG filed its Motion to Amend approximately two weeks after local counsel noticed its appearance in this litigation. (Doc. 337.) OG chose not to retain local counsel until expressly directed to do so by this Court.

would not be burdensome given that the TAC is identical to the SAC with the exception of the addition of two sentences. Defendants also complain that OG filed its Motion to Amend after Vergara and Lopez had filed summary judgment motions. However, the Court has denied Vergara and Lopez's summary judgment motions without prejudice as premature, with leave to re-file the motions after the close of discovery. (Doc. 414.)

The lack of undue prejudice to Defendants weighs in favor of granting leave to amend under Rule 15(a)(2). *See Eminence Capital*, 316 F.3d at 1052. The Court does not find that allowing OG's proposed amendment would be futile, nor does the Court find evidence of bad faith or dilatory motive on OG's part. *See id.* Because OG's proposed amendment is likely to further the interests of judicial efficiency, the Court does not find that consideration of undue delay weighs against allowing the amendment. *See id.* And while it is true that OG has file two prior versions of its UFTA Complaint, it has not previously amended its allegations against Vergara and Lopez or failed to cure deficiencies in those allegations. *See id.* The Court finds that leave to amend should be granted in the interests of justice under Rule 15(a)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 342) is **granted**. Plaintiff shall file its Third Amended Complaint within **five (5) days** of the date this Order is filed.

Dated this 30th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge