**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with: |
| v. | No. CV-19-00284-TUC-RM |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

Before the Court are the parties' briefs regarding allegedly privileged communications that were inadvertently disclosed by Defendant Blessings, Inc. ("Blessings") on January 15, 2020. (Docs. 339, 340, 351, 353; *see also* Docs. 335, 345.) As explained below, the Court finds that the Alatorre Communications are privileged and non-discoverable.[1]

**I.    Background**

This litigation began in July 2018, when Plaintiff Ocean Gardens Products Incorporated ("OG") initiated a lawsuit against Blessings and David Mayorquin ("David") in case number 4:18-CV-00322-RM. (Doc. 1.) A separate lawsuit alleging claims under Arizona's Uniform Fraudulent Trade Act ("UFTA") in case number 4:19-CV-00284-RM was later consolidated with CV-18-322.

---

[1] The Court finds that this dispute is suitable for resolution without oral argument. Accordingly, the request for oral argument (Doc. 362) is denied.

The instant dispute arises from discovery relating to Plaintiff's claims that Blessings made fraudulent transfers in violation of the UFTA, in the form of loans and processing fees, to Defendant ADAB Ocean Harvest, S. De R.L. De C.V. ("ADAB Mexico"). (Doc. 351.) On December 26, 2019, OG, Blessings, and David filed a Stipulation to Narrow Discovery Disputes. (Doc. 300.) The Court entered an Order approving the Stipulation on January 7, 2020. (Doc. 308.) Pursuant to the Order, on January 15, 2020, Blessings served amended responses to OG's 7th, 8th, and 9th sets of interrogatories (which were corrected on January 21, 2020) and supplemental responses to OG's 2nd set of requests for production and OG's 2nd and 3rd consolidated sets of requests for production. (Doc. 339 at 2.) Blessings' January production totaled approximately 31,329 pages, identified by Bates numbers BLESSINGS 003335 to BLESSINGS 0031329 ("Blessings' January Production"). (*Id.*) Blessings also re-produced 2,944 pages of documents collectively as "BLESSINGS 000052," without any unique identifiers for each document ("Blessings' 52 Re-Production"). (*Id.* at 2-3.)

At issue are a small portion of Blessings' January Production and Blessings' 52 Re-Production. (*Id.* at 3.) Blessings has identified ten inadvertently produced documents from the January Production that it alleges are privileged:

(1) BLESSINGS 009905 to 08;
(2) BLESSINGS 009909 to 12;
(3) BLESSINGS 009913 to 15;
(4) BLESSINGS 009916 to 18;
(5) BLESSINGS 009928 to 29;
(6) BLESSINGS 009934 to 35;
(7) BLESSINGS 009936;
(8) BLESSINGS 024473;
(9) BLESSINGS 024474; and
(10) BLESSINGS 024475 to 77.

The first seven documents are portions of an email communication between Javier

Alatorre, counsel for ADAB Mexico, and Erin McGinnis, Blessings' Comptroller ("Alatorre Communications"). (*Id*.) The latter three documents are communications with, and documents prepared by, Ryan Ricks, a Snell and Wilmer attorney who represented Blessings on an unrelated matter ("the Ricks Communications"). (*Id*.) An additional four documents from Blessings' 52 Re-Production are at issue:

    (11)    BLESSINGS 000052.000010;

    (12)    BLESSINGS 000052.000023;

    (13)    BLESSINGS 000052.000024; and

    (14)    BLESSINGS 000052.000193.

(*Id.* at 3-4.) These documents contain communications between Blessings' personnel and Curt Reimann, while he was an attorney at Snell and Wilmer, regarding Blessings' dispute with OG ("the Reimann Communications"). (*Id*. at 4.)

Blessings and ADAB Mexico contend that the inadvertently produced documents are protected by the attorney-client privilege, the work-product doctrine, and the common-interest doctrine, and that no waiver of privilege occurred because Defendants acted promptly to correct the inadvertent disclosure pursuant to Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B). (*Id*. at 4; Doc. 339; Doc. 340.)

OG contends that the allegedly privileged documents show that ADAB Mexico concealed information that it should have produced earlier in response to OG's interrogatories and withheld information in its responses to the interrogatories that it, in fact, possessed. (Doc. 351 at 6-7.) OG further contends that the documents at issue contain evidence that ADAB Mexico concealed information about the maquiladora agreement between ADAB Mexico and Blessings and about an "Account No. 1322." (*Id*. at 8-10.) OG argues that Defendants' privilege objections are waived for untimeliness and bad faith (*Id*. at 11-13), and that Defendants failed to show that they "took reasonable steps to prevent disclosure" pursuant to Fed. R. Evid. 502(b)(2) (*Id*. at 14.) Finally, OG contends that Defendants' inclusion of communications other than the Alatorre Communications in their briefs was improper because Defendants raised the alleged inadvertent disclosure and

1 privilege as to those documents for the first time in their briefs and did not follow the
2 LRCiv 7.2(j) dispute resolution procedure. (*Id*. at 16.)

## II. The Alatorre Communications

a. <u>The attorney-client privilege, the work-product doctrine, and the common-interest doctrine protect the Alatorre Communications.</u>

Parties are entitled to discovery of only nonprivileged matters relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). In a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. There appears to be no dispute that Arizona privilege law applies to the instant dispute. With respect to the attorney-client privilege, A.R.S. § 12-2234 states, in relevant part:

> A. In a civil action an attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment. An attorney's paralegal, assistant, secretary, stenographer or clerk shall not, without the consent of his employer, be examined concerning any fact the knowledge of which was acquired in such capacity.
> B. For purposes of subsection A, any communication is privileged between an attorney for a corporation, governmental entity, partnership, business, association or other similar entity or an employer and any employee, agent or member of the entity or employer regarding acts or omissions of or information obtained from the employee, agent or member if the communication is either:
> > (1) For the purpose of providing legal advice to the entity or employer or to the employee, agent or member.
> > (2) For the purpose of obtaining information in order to provide legal advice to the entity or employer or to the employee, agent or member.

*See also Salvation Army v. Bryson*, 273 P.3d 656, 262-63 (Ariz. App. 2012).

The work product doctrine protects from disclosure "mental impressions and theories of attorneys or other client representatives concerning actual or prospective

- 4 -

litigation involving the client." *Arizona Indep. Redistricting Comm'n v. Fields*, 75 P.3d 1088, 1100 (Ariz. App. 2003); *see also Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). "Work-product protection means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial." Fed. R. Evid. 502(g)(2). Work product is presumptively non-discoverable unless the opposing party shows a substantial need for the materials and that it cannot obtain their substantial equivalent by other means. *Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1084 (C.D. Cal. 2010); Fed. R. Civ. P. 26(b)(3).

The common-interest doctrine "applies to 'legal, factual, or strategic' communications that 'further the legal interests of each client.'" *Lund v. Donahoe*, 261 P.3d 456, 464 (Ariz. App. 2011) (citing *Fields*, 75 P.3d at 1099). The common-interest doctrine applies regardless of whether a written joint defense agreement exists. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). "The purpose of the common interest doctrine is to permit persons with common interests to share privileged attorney-client and work-product communications in order to coordinate their respective positions without destroying the privilege." *Fields*, 75 P.3d at 1100. "The doctrine does not create a privilege, but is an exception to the rule that communications between a person and a lawyer representing another person are not privileged." *Lund*, 261 P.3d at 464 (quoting *Fields*, 75 P.3d at 1100).

The Court finds, based on the parties' representations and its review of the Alatorre communications,[2] that the Alatorre communications are protected by the attorney-client privilege, the common-interest doctrine, and the work-product doctrine. The communications were between counsel for ADAB Mexico and employees of Blessings and ADAB Mexico. (*See* Doc. 335.) The communications appear to have been "for the purpose of obtaining information in order to provide legal advice," specifically regarding ADAB Mexico's responses to OG's interrogatories. A.R.S. § 12-2234(B); (Doc. 339 at 9*); see also*

---

[2] OG filed under seal BLESSINGS 009905 to 07; BLESSINGS 009909 to 11; BLESSINGS 009916; BLESSINGS 009928; and BLESSINGS 009934. (Doc. 335.) The Court relies upon the parties' representations concerning the remainder of the Alatorre communications.

*Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 WL 11346463, at *3 (E.D. Ky. Mar. 25, 2008) (courts do not permit discovery of communications between attorneys and clients regarding clients' responses to discovery requests). As Defendants are cooperating in a joint defense to this action (*see* Doc. 339 at 11), communications about discovery responses between counsel for ADAB Mexico and Erin McGinnis, Blessings' Comptroller, are covered by the common-interest doctrine. *See Fields*, 75 P.3d at 1100. Furthermore, the documents contain the work product of counsel for ADAB Mexico. Therefore, the Alatorre Communications are presumptively not subject to discovery. Fed. R. Civ. P. 26(b)(1), (3). Moreover, the privileges were not waived by the inclusion of Erin McGinnis, Blessings' comptroller, or Hector Corella, ADAB Mexico's comptroller, in the email thread. *See State v. Sucharew*, 66 P.3d 59, 65 (Ariz. App. 2003) (attorney-client privilege still applies where third party is present if third-party presence does not indicate a lack of intent to keep the communication confidential).

Therefore, the remaining issue is whether, as OG contends, the asserted privileges were waived for untimeliness, bad faith, or for failure to demonstrate compliance with Fed. R. Evid. 502(b) or Fed. R. Civ. P. 26(b)(5)(B) by showing reasonable steps were taken to prevent disclosure and to rectify the inadvertent disclosure.

      b. <u>Defendants did not Waive the privileges as to the Alatorre Communications.</u>

"If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it," thereby triggering certain protections until the claim of privilege is resolved. Fed. R. Civ. P. 26(b)(5)(B). With respect to whether an inadvertent disclosure results in waiver of privilege, Fed. R. Evid. 502(b) provides:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>     (1) the disclosure is inadvertent;
>     (2) the holder of the privilege or protection took

>reasonable steps to prevent disclosure; and
>(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

"Inadvertent disclosures do not waive privilege if the "privilege holder has made efforts 'reasonably designed' to protect and preserve the privilege." *Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2016 WL 8199307, at *4 (D. Ariz. Nov. 2, 2016) (citing *United States v. De la Jara*, 973 F.2d 746, 750 (9th Cir. 1992)).

"The party asserting the attorney-client privilege bears the burden of proving . . . it has not been waived." *IGT v. All. Gaming Corp.*, No. 2:04–cv–1676–RCJ (RJJ), 2006 WL 8071393, at *4 (D. Nev. Sept. 28, 2006) (citing *United States v. Martin*, 278 F.3d 988, 999 (9th Cir.2002)); *see also Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (party asserting privilege must prove nonwaiver). "A party's 'bare assertion that it did not intend to waive the privilege is insufficient to make out the necessary element of nonwaiver.'" *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). A party's failure to explain or address the reasonable steps it took to preserve the privilege may result in waiver of the privilege. *See Ecological Rights Found. v. Fed. Emergency Mgmt. Agency*, No. 15-cv-04068-DMR, 2017 WL 24859, at *7 (N.D. Cal. Jan. 3, 2017) ("Defendant is silent as to whether it took any reasonable steps to prevent disclosure of privileged information and does not identify any precautions it took to prevent such disclosure. It provides no information about the initial inadvertent production or its discovery thereof. . . In the absence of any information at all about Defendant's efforts to identify and protect privileged materials, Defendant has not demonstrated that it took reasonable steps in order to prevent inadvertent disclosure.")

Defendants argue that they fully complied with Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B) by promptly notifying OG of the inadvertent disclosure and invoking Rule 26(b)(5)(B). (Doc. 339 at 5-7; Doc. 340 at 10-11.) Blessings notes that the privileged documents constituted less than 0.14% of the documents in Blessings' January Production and Blessings' 52 Re-Production. (Doc. 339 at 7.) Upon learning that potentially privileged

information had been produced, Blessings undertook a second review of that production and, within a week, had informed OG of the inadvertent disclosure and invoked the protections of Rule 26(b)(5)(B). (Doc. 339 at 7.) OG contends that Defendants failed to discharge their burden to show that they "took reasonable steps to prevent disclosure" of the Alatorre Communications under Rule 502(b)(2). (Doc. 351 at 14.) OG contends that Blessings' failure to run a search of the documents using the search term "Alatorre," as well as the fact that Blessings had two and one-half months to conduct a privilege review, shows that it did not take reasonable steps to prevent disclosure. (*Id.* at 15.) In its Reply, Blessings disputes that the privileges should be waived simply because it did not run the search term suggested by OG, and it asserts that "privilege searches in voluminous productions are imperfect, at best." (Doc. 353 at 11.)

The Court finds that Defendants took reasonable steps to rectify the inadvertent disclosure of privileged communications once they learned of that disclosure. Furthermore, although Blessings does not describe in detail its initial privilege review, the fact that the inadvertently disclosed documents constituted less than 0.14% of a production totaling over 30,000 pages is sufficient to show that Blessings' initial privilege review was reasonably effective in preventing the disclosure of privileged documents. Accordingly, the Court does not find that Defendants waived the asserted privileges by failing to comply with Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(b).

OG argues that waiver of the privileges should be applied as a sanction against ADAB Mexico for bad faith. (Doc. 351 at 13.) The attorney-client privilege may be waived for bad faith on the part of the party asserting the privilege. *See Liguria Foods, Inc. v. Griffith Labs., Inc.*, 309 F.R.D. 476, 478 (N.D. Iowa 2015) (parties must provide "true, explicit, responsive, complete and candid answers to discovery" and may face sanctions for not doing so); *see also In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 386 (3d Cir. 2007), *as amended* (Oct. 12, 2007) ("preventing a party from asserting the attorney-client privilege is a legitimate sanction for abusing the discovery process," but the district court may impose such a sanction only if it "finds bad faith, willfulness, or fault"). Having

considered the parties' briefing on the matter and the circumstances giving rise to this dispute, the Court does not find bad faith, willfulness, or fault on the part of ADAB Mexico sufficient to impose waiver as a sanction. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d at 386.

OG also argues that "any privilege objections should be waived for untimeliness." (Doc. 351 at 11). In support of its argument, OG cites *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981), for the proposition that, "[g]enerally, in the absence of an extension of time or good cause, the failure to [timely] object to interrogatories. . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." The Court finds this argument inapplicable to the instant dispute because the dispute does not concern untimely objections regarding documents responsive to the interrogatories; rather, it concerns an assertion of privilege as to documents inadvertently disclosed containing communications concerning the preparation of responses to the interrogatories. (*See* Doc. 353 at 7.) While Plaintiff may seek to characterize Defendants' privilege assertions as untimely objections to the interrogatories, the Court does not agree with that characterization.

Defendants did not waive the asserted privileges as to the Alatorre Communications and OG may not use those documents for any purpose in the litigation. *See* Fed. R. Civ. P. 26(b)(5)(B).

### III. The Ricks and Reimann Communications

"No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." LRCiv 7.2(j). OG asserts that it was unaware of Defendants' assertion of privilege as to the Ricks Communications and the Reimann Communications until the briefing on the instant dispute was filed and therefore Blessings and ADAB Mexico did not comply with LRCiv 7.2(j) as to the Ricks and Reimann Communications. (Doc. 351 at 15-16.) Blessings does not contradict OG's assertion. (Doc. 353.) Furthermore, the contents of the Ricks and

Reimann Communications have not been made available to the Court. Accordingly, the Court will not address Defendants' assertion of privilege as to the Ricks and Reimann Communications at this time.

Accordingly,

**IT IS ORDERED** that documents BLESSINGS 009905 to 009918, BLESSINGS 009928 to 009929 and BLESSINGS 009934 to 009936; or the "Alatorre Communications," are privileged and non-discoverable.

**IT IS FURTHER ORDERED** that the parties shall attempt to resolve their dispute regarding the Ricks Communications and the Reimann Communications pursuant to the discovery dispute resolution procedures set forth in the Court's Scheduling Order (Doc. 27) and LRCiv 7.2(j). If the parties are unable to resolve the dispute on their own, the parties are granted leave to file written briefs regarding whether the documents are privileged, and Defendant Blessings shall file copies of the disputed documents in a separate, sealed document.

Dated this 10th day of July, 2020.

_____
Honorable Rosemary Márquez
United States District Judge