**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with: |
| v. | No. CV-19-00284-TUC-RM |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

Pending before the Court are Plaintiff Ocean Garden Products Incorporated's ("OG") Motions to Compel and for Sanctions against ADAB Ocean Harvest, S. De R.L. De C.V. ("ADAB Mexico") (Doc. 341)[1] and Pacific Ocean Harvest, S. De R.L. De C.V. ("Pacific Ocean") (Doc. 396). The Motions are fully briefed. (Docs. 352, 365, 398, 399.)[2]

**I.     Legal Standard**

Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In determining whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in case number CV 18-322.
[2] The Court finds the Motions suitable for resolution without oral argument.

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). A party may serve an interrogatory relating "to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id.* Responses to interrogatories and requests for production are due within 30 days of the date of service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). If objection is made, the grounds and reasons for the objection must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). An "evasive or incomplete disclosure, answer or response" is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). However, Rule 33 allows courts to excuse such a waiver "for good cause." Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not contain an analogous provision, courts "generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33." *Liguori v. Hansen*, No. 2:11–cv–00492–GMN–CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). Accordingly, courts "retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Id.* at *11.

On motion or *sua sponte*, a court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

A party may move under Rule 37 of the Federal Rules of Civil Procedure for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). A motion to compel may be made if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested under Rule 34. *Id.* at 37(a)(3)(B)(iii)-(iv). The moving party generally bears the burden of showing why the non-moving party's responses were deficient or objections unjustified. *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, such payment must not be ordered if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; if "the opposing party's nondisclosure, response, or objection was substantially justified"; or if "other circumstances make an award of expenses unjust." *Id.*

**II.   Motion to Compel and for Sanctions Against Pacific Ocean**

   **A.   Background**

In July 2018, OG initiated a lawsuit against Blessings, Inc. ("Blessings") and David Mayorquin in case number CV-18-322. (Doc. 1.) OG later initiated a separate lawsuit alleging claims under Arizona's Uniform Fraudulent Trade Act ("UFTA") against numerous defendants, including Pacific Ocean, in case number CV-19-284. (Doc. 1 in CV-19-284) (the "UFTA Action"). After case numbers CV-18-322 and CV-19-284 were consolidated, OG filed a First Amended Complaint in the UFTA Action ("UFTA FAC"). (Doc. 154.) Pacific Ocean moved to dismiss for lack of personal jurisdiction the claims asserted against it in the UFTA FAC. (Doc. 157.) In an Order filed on October 25, 2019, this Court granted Pacific Ocean's Motion to Dismiss the UFTA FAC but gave OG leave to file a Second Amended UFTA Complaint ("UFTA SAC"). (Doc. 239.) OG filed its

UFTA SAC on November 25, 2019. (Doc. 260.) Pacific Ocean again moved for dismissal. (Doc. 299.) On February 18, 2020, the Court denied Pacific Ocean's Motion to Dismiss the UFTA SAC. (Doc. 338.)

### B. Discovery Responses

In the pending Motion to Compel and for Sanctions Against Pacific Ocean, OG avers that it served discovery requests on Pacific Ocean in August and September 2019, and that Pacific Ocean's sole objection was that it had a dismissal motion pending. (Doc. 396 at 3; *see also* Doc. 396-1 at 2-7.) OG argues that the objection was frivolous when made and has been moot since the February 2020 denial of Pacific Ocean's Motion to Dismiss the UFTA SAC, but that Pacific Ocean "continues to stonewall discovery." (*Id.* at 3, 13-14.) OG further notes that Pacific Ocean has failed to serve any MIDP responses, in violation of General Order 17-08. (*Id.* at 15; *see also* Doc. 5.) OG requests that Pacific Ocean be compelled to respond to the August and September 2019 discovery requests and that it be required to reimburse OG for the cost of filing the Motion to Compel. (*Id.* at 15-18; *see also* Doc. 396-1 at 2-7.)

OG's LRCiv 37.1 Statement avers that the following discovery requests are at issue:

- Request for Production ("RFP") numbers 21, 22, 23, 26, and 27 from OG's August 30, 2019 First Consolidated Requests for Production
- Interrogatory numbers 1, 2, and 3 from OG's August 30, 2019 First Set of Interrogatories to Pacific Ocean
- Interrogatory numbers 4, 5, 6, 7, and 8 from OG's September 13, 2019 Second Set of Interrogatories to Pacific Ocean

(Doc. 396-1 at 2-7.) To each of these discovery requests, Pacific Ocean objected that the request was premature because its dismissal motion was awaiting decision by the Court. (*Id.*)

In response to OG's Motion to Compel, Pacific Ocean argues that the discovery requests at issue were mooted by the granting of its first dismissal motion and were not

resurrected by the filing of OG's UFTA SAC. (Doc. 398 at 2-5.) Pacific Ocean avers that it timely responded, on February 3, 2020, to discovery requests served by OG on January 6, 2020, which Pacific Ocean argues are the only requests served pursuant to the UFTA SAC. (*Id.* at 3.) In support of its argument that the granting of its first dismissal motion mooted any then-pending discovery requests, Pacific Ocean cites *Clardy v. Gaunt*, No. 3:14-cv-01055-CL, 2016 WL 5858673 (D. Or. Oct. 3, 2016); *Parkinson v. United States*, 175 F. Supp. 2d 1233, 1247 (D. Idaho 2001); and *Handy v. Price*, 996 F.2d 1064, 1068 (10th Cir. 1993). (*Id.* at 4-5.)

In reply, OG argues that the case law is contrary to Pacific Ocean's position that the granting of its first dismissal motion with leave to amend rendered OG's pending discovery requests permanently moot. (Doc. 399 at 2-7 (citing *Adams v. Kraft*, No. C10-00602 LHK (HRL), 2011 WL 1522407 (N.D. Cal. Apr. 21, 2011).) OG also complains that Pacific Ocean never asserted its mootness argument during the parties' personal consultation regarding OG's discovery requests, evidencing a failure to participate in the meet-and-confer process in good faith. (*Id.* at 2, 7-9.) OG notes that Pacific Ocean does not address in its Response to the Motion to Compel its failure to serve any MIDP responses. (*Id.* at 2.) OG further notes that Pacific Ocean served objections to OG's January 3, 2020 discovery requests but no substantive responses. (*Id.* at 3.)[3]

The Court will order Pacific Ocean to respond to OG's RFP numbers 21, 22, 23, 26, and 27, and interrogatory numbers 1-8. Pacific Ocean's original objections to these discovery requests argued that the requests were premature because Pacific Ocean had a pending dismissal motion. After the Court granted Pacific Ocean's Motion to Dismiss the UFTA FAC, Pacific Ocean failed to supplement its objections to raise the mootness argument that it now asserts in response to OG's Motion to Compel. Neither Pacific Ocean's original prematurity objection, nor its current mootness objection, is supported by the case law.

A district court may "stay discovery when it is convinced that the plaintiff will be

---

[3] To support this averment, OG attaches as an exhibit to its Reply Pacific Ocean's objections to OG's January 3, 2020 Third Set of Interrogatories. (Doc. 399-2.)

- 5 -

unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). However, "[d]iscovery stays are not automatic." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018); *see also Holmes v. McMillan*, No. CIV 09-00225 PHX MEA, 2009 WL 10673424, at *3 (D. Ariz. Nov. 24, 2009). The notion that discovery is automatically stayed upon the filing of a dismissal motion is not supported by the Federal Rules of Civil Procedure and is "directly at odds with the need for expeditious resolution of litigation." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

Pacific Ocean's filing of dismissal motions did not automatically relieve it of its obligation to respond to OG's discovery requests, and Pacific Ocean failed to seek a protective order and/or a stay of discovery pending resolution of the dismissal motions. Accordingly, the Court finds that Pacific Ocean's prematurity objections to OG's discovery requests were legally unsupported.[4]

Furthermore, the granting of Pacific Ocean's first dismissal motion with leave to amend did not render OG's August and September 2019 discovery requests permanently moot. *See Adams*, 2011 WL 1522407 at *1-2 (ordering a party to respond to discovery requests served prior to the filing of an amended complaint where the requests pertained to claims that had been revived in the amended complaint and encompassed information relevant to the allegations of the amended complaint). OG's UFTA SAC included additional allegations to establish this Court's personal jurisdiction over Pacific Ocean; however, the UFTA SAC repeated the same substantive UFTA allegations against Pacific Ocean, and the discovery requests at issue seek information pertinent to those allegations. Accordingly, the granting of Pacific Ocean's first dismissal motion with leave to amend and the filing of the UFTA SAC did not render the discovery requests permanently moot.

The cases relied upon by Pacific Ocean do not hold to the contrary. In *Clardy* and

---

[4] The Court also notes that Pacific Ocean appears to have abandoned its position that discovery requests need not be responded to when a dismissal motion is pending, as it served timely objections to OG's January 3, 2020 discovery requests before this Court had resolved its Motion to Dismiss the UFTA SAC. (*See* Doc. 324; Doc. 338; Doc. 398 at 3.)

- 6 -

*Parkinson*, discovery requests were found to be moot where they pertained to the conduct of defendants whose motions to dismiss had been granted *without* leave to amend. *Clardy*, 2016 WL 5858673, at *2; *see also Clardy v. Gaunt*, No. 3:14-cv-01055-CL, 2015 WL 1058970, at *1 (D. Or. Mar. 6, 2015); *Parkinson*, 175 F. Supp. 2d 1233 at 1241, 1247. In *Handy*, the court found that the granting of the defendant's summary judgment motion rendered moot the plaintiff's request for injunctive relief. 996 F.2d at 1068. None of the three cases hold that the granting of a motion to dismiss *with leave to amend* renders discovery requests moot even after the filing of an amended complaint that reiterates the same substantive allegations. The Court will grant OG's Motion to Compel.

### C. MIDP Responses

General Order 17-08 requires parties to serve mandatory initial discovery responses containing specified categories of information. "A party filing a responsive pleading . . . must serve its initial discovery responses no later than 30 days after it files its responsive pleading under Rule 12(a)." Gen. Ord. 17-08(A)(6). Parties must file answers within 14 days after notice of the Court's denial of a Rule 12 motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). The Court denied Pacific Ocean's Motion to Dismiss OG's UFTA SAC on February 18, 2020. (Doc. 338.) The Court's review of the docket indicates that, to date, Pacific Ocean has not filed an answer, nor has it served any MIDP responses. Even though OG's Motion to Compel highlighted Pacific Ocean's failure to serve MIDP responses, Pacific Ocean did not make any attempt to address that failure in its Response to the Motion to Compel. The Court will order Pacific Ocean to serve MIDP responses in compliance with General Order 17-08.

### D. Fee-Shifting Sanctions

The record before the Court shows that OG attempted in good faith to obtain the discovery at issue from Pacific Ocean prior to filing its Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). The record does not show that Pacific Ocean's failure to respond to OG's discovery requests was substantially justified or that a fee-shifting award would

- 7 -

be unjust under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Accordingly, the Court finds that a fee-shifting order under Rule 37(a)(5)(A) is appropriate.

Rule 37(b)(2) provides that, if a party fails to obey an order to provide discovery, the Court may issue "further just orders" and "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). Rule 37(b)(2) applies to MIDP responses. Gen. Ord. 17-08(A)(11). Pacific Ocean has not addressed its failure to serve MIDP responses, much less shown that "the failure was substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, although it declines at this time to take any of the actions listed under Rule 37(b)(2)(A)(i)-(vii), the Court finds that a fee-shifting award is appropriate under Rule 37(b)(2)(C), in addition to being appropriate under Rule 37(a)(5)(A).

### III. Motion to Compel and for Sanctions Against ADAB Mexico

At issue in OG's Motion to Compel and for Sanctions Against ADAB Mexico are OG's RFP numbers 18, 26, 27, 29, and 30, and interrogatory numbers 1, 6, 8, 9, 10, 11, 12, and 13. (Doc. 341-1 at 2-15.) These discovery requests primarily seek information and documents pertaining to a loan from Blessings to ADAB Mexico—including information about a ledger known as Account No. 1322 and information about Blessings' Exhibit 109 from the injunction hearing held on July 23, 2019 and August 22-23, 2019. (Doc. 341 at 5-7, 9-10.) The requests also seek information regarding the maquiladora agreement(s) entered into by Blessings and ADAB Mexico, information about ADAB Mexico's bank accounts and customers, and information about a lease between ADAB Mexico and Pacific Ocean. (*Id.* at 7-11.)

OG argues that the majority of ADAB Mexico's objections to the discovery requests at issue have been waived due to untimeliness and because they are boilerplate. (*Id.* at 12-13.) OG further argues that ADAB Mexico is obligated to produce information

that it claims is in Blessings' possession. (*Id.* at 13-14.) OG asks the Court to order ADAB Mexico to answer its interrogatories in the narrative instead of invoking Rule 33(d), and it argues that ADAB Mexico should be prohibited from incorporating by reference other materials when answering the interrogatories. (*Id.* at 14-15.) OG contends that any confidentiality concerns are adequately addressed by the Court's protective order, and it requests a fee-shifting order under Rule 37. (*Id.* at 15-17.)

In response to the Motion to Compel, ADAB Mexico avers that it has been serving discovery responses on a rolling basis and that it intends to continue doing so but needs more time. (Doc. 352 at 2.) ADAB Mexico argues that it is entitled to special consideration as a foreign litigant, it accuses OG of "abusive discovery practices," and it argues that OG failed to fully participate in the meet-and-confer process. (*Id.* at 2-3, 8-9, 13, 17.) ADAB Mexico further argues that it has no obligation to respond to discovery requests requiring the production of Blessings' records or the disclosure of information controlled by Blessings. (*Id.* at 4-6, 9-11.) Furthermore, ADAB Mexico contends that OG already received information responsive to some of the discovery requests at issue. (*Id.* at 7, 12.) ADAB Mexico disputes OG's waiver arguments and contests the relevance and proportionality of certain interrogatories. (*Id.* at 11-12, 14-17.) Finally, ADAB Mexico argues that a fee-shifting award would be unjust. (*Id.* at 17.)

The parties attach numerous exhibits to their briefs, including Declarations by David Mannion (Doc. 341-2; Doc. 373), David Boden (Doc. 341-22), William Klain (Doc. 352-2), Erin McGinnis (Doc. 352-4), and Jonathan Saffer (Doc. 352-5); documentation of the parties' discovery responses and discovery-dispute communications (Doc. 341-13 to 341-21; Doc. 352-3; Doc. 365-5; Doc. 373-1 to 373-2), and a statement of facts submitted by ADAB Mexico concerning the parties' discovery disputes (Doc. 352-1).

### A.   Waiver—Boilerplate Objections

As an initial matter, the Court rejects OG's argument that ADAB Mexico's objections to the discovery requests at issue have been waived because they are

boilerplate. (Doc. 341 at 13.) In support of this argument, OG relies upon *Blemaster v. Sabo*, No. 2:16-cv-04557 JWS, 2017 WL 4843241, at *4 (D. Ariz. Oct. 25, 2017); *Reinsdorf v. Skechers U.S.A., Inc.*, No CV 10-7181 DDP (SSx), 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); and *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). (Doc. 341 at 13.) These cases recognize the impropriety of boilerplate objections, but they do not support OG's position. Boilerplate objections do not result in an automatic waiver. *Del Socorro Quintero Perez v. United States*, No. 13cv1417-WQH-BGS, 2016 WL 304877, at *1-2 (S.D. Cal. Jan. 25, 2016). In *A. Farber & Partners*, the court found boilerplate objections improper but did not find that they resulted in waiver. *See* 234 F.R.D. at 188. While the other cases cited by OG do recognize that objections that are "are too general to merit consideration" are waived, *Ramirez*, 231 F.R.D. at 409, ADAB Mexico's objections to the discovery requests at issue here are sufficiently tailored to allow for consideration on their merits, unlike the litany of copy-pasted, nonsensical boilerplate objections at issue in *Blemaster* and *Reinsdorf*. *See Blemaster*, 2017 WL 4843241 at *3-4; *Reinsdorf*, 2013 WL 12116416 at *8-11.

### B. Meet-and-Confer Requirement

The parties dispute whether OG engaged in the meet-and-confer process in good faith with respect to ADAB Mexico's December 19, 2019 discovery responses. (Doc. 352 at 8-9; Doc. 365 at 12.) A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). OG's Motion to Compel includes a certification by Plaintiff's attorney David Mannion detailing the party's discussions regarding ADAB Mexico's discovery responses. (Doc. 341-2.) Upon consideration of David Mannion's Rule 37(a)(1) Certification (Doc. 341-1), ADAB Mexico's statement of facts (Doc. 352-2), and the other materials of record (*see, e.g.*, Doc. 341-13 at 10-12), the Court finds that OG has satisfied the meet-and-confer requirement. Although the Rule 37(a)(1) Certification does

not indicate that OG continued the meet-and-confer process after December 19, 2019, the materials of record sufficiently show that OG attempted in good faith to resolve the substance of the parties' discovery disputes prior to filing its Motion to Compel.

### C.     OG's First Consolidated RFPs

OG served its First Consolidated RFPs on August 30, 2019, including RFP numbers 18, 26, and 27.  (Doc. 341-1 at 2-3; Doc. 352-1 at 3.)  ADAB Mexico timely responded on September 30, 2019.  (Doc. 341-1 at 2-3; Doc. 352-1 at 3.)

#### 1.     RFP Number 18

RFP number 18 sought "[a]ll banking documents for ADAB Mexico for the period January 1, 2011, onwards, including bank statements, wire transfer documents, and copies of cancelled checks (front and back)."  (Doc. 341-1 at 2.)  ADAB Mexico timely objected that the request was "overly broad" and "unduly burdensome," that it was "disproportionate to the legitimate needs of the case" and "not reasonably calculated to lead to the discovery of admissible evidence," and that it sought "documents that contain highly confidential financial and business information."  (*Id.*)  OG argues that these objections are waived because they are boilerplate, and that any confidentiality concerns are adequately addressed by this Court's protective order.  (*Id.*)  ADAB Mexico disputes OG's contention that its objections are waived for being boilerplate, and it asks the Court to review RFP number 18 for relevance, over-broadness, and proportionality.  (Doc. 352 at 14, 16-17.)  ADAB Mexico argues that the Court should deny OG's Motion to Compel as to RFP number 18 or, alternatively, limit its order of production to bank records in ADAB Mexico's possession or control from 2014 to 2018.  (*Id.* at 16-17.)  ADAB Mexico argues that it should not be required to produce any information pre-dating late 2014, because that is the year in which OG alleges fraudulent transfers to ADAB Mexico began.  (*Id.* at 16.)  OG contends that bank account information from 2011 onwards is relevant because Defendants claim that Blessings loaned ADAB Mexico money to get it set up as a maquiladora in the 2011-2012 time frame.  (Doc. 341 at 10.)

As an initial matter, ADAB Mexico's objection that RFP number 18 seeks

documents "not reasonably calculated to lead to the discovery of admissible evidence" is based on an outdated version of Rule 26. Rule 26 was amended on December 1, 2015. Prior to the 2015 amendments, Rule 26(b)(1) stated that inadmissible evidence was discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." The "reasonably calculated" phrase was eliminated by the 2015 amendments and is no longer the governing standard. *In re Bard IVC Filters Prods. Liability Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. Sept. 16, 2016). "The test going forward is whether evidence is 'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* at 564.

The documents requested in RFP number 18 are relevant to OG's UFTA claims. At the injunction hearing, Defendants represented that Blessings set up ADAB Mexico as a maquiladora in the 2011-2012 time frame. (*See* Doc. 218 at 2.) OG alleges that Blessings was in serious financial distress and faced an existential threat from an ongoing criminal investigation from at least 2012 onwards, and that Defendants began "systematically transferring Blessings' assets down to ADAB Mexico" before the criminal investigation became public. (Doc. 423 ¶¶ 4-5, 43-44.) OG has also contended that Defendants' transfer of assets has continued during the course of this litigation. ADAB Mexico's banking documents from 2011 onwards are relevant to show how much money Blessings transferred to ADAB Mexico and when the transfers occurred. ADAB Mexico has not shown that it lacks the ability to request copies of its banking documents from its banks, nor that doing so would be particularly burdensome. Considering the importance of the issue of cash transfers, the significant amount in controversy, the parties' relevant access to ADAB Mexico's banking documents, and the limited burden or expense to ADAB Mexico of requesting copies of those documents, the Court finds that RFP number 18 is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). Furthermore, the Court finds that its protective order adequately addresses concerns regarding the confidential nature of the documents. Accordingly, the Court will order ADAB Mexico to produce the documents requested by RFP number 18.

### 2. RFP Number 26

RFP number 26 sought a "copy of any leases between Pacific Mexico, ADAB Mexico, and/or Blessings concerning Pacific Mexico's use of any shrimp processing equipment in Mexico." (Doc. 341-1 at 2.) ADAB Mexico timely objected that the request was "premature" because Pacific Mexico had filed a then-pending dismissal motion. (*Id.*) In response to OG's Motion to Compel, ADAB Mexico concedes that its response to RFP number 26 should be supplemented but complains of OG's "abusive discovery practices." (Doc. 352 at 15-16.)

For the reasons discussed above, ADAB Mexico's prematurity objection was invalid when made and, in any case, has been moot since February 2020, when the Court denied Pacific Mexico's Motion to Dismiss the UFTA SAC. ADAB Mexico has not shown that providing copies of the leases requested in RFP number 26 would be difficult or burdensome. ADAB Mexico must produce the documents requested by RFP number 26, and it should have done so before OG filed its Motion to Compel.

### 3. RFP Number 27

RFP number 27 sought "[c]opies of all appraisals, opinions, emails, and any other advisory documents showing that reasonably equivalent value was given in connection with the lease pursuant to which Pacific Mexico is using processing equipment in Mexico." (Doc. 341-1 at 3.) ADAB Mexico again objected on the grounds that the request was "premature" due to Pacific Mexico's then-pending Motion to Dismiss. (*Id.*) In response to OG's Motion to Compel, ADAB Mexico again concedes that its response should be supplemented. (Doc. 352 at 15-16.)

ADAB Mexico's prematurity objection was invalid when made and has been moot since February 2020. ADAB Mexico has not shown that responding to RFP number 27 would be difficult or burdensome. ADAB Mexico must produce the documents requested by RFP number 27, and it should have done so prior to the filing of OG's Motion to Compel.

. . . .

### D. OG's Second Consolidated RFPs

OG served its Second Consolidated RFPs on September 27, 2019, including RFP numbers 29 and 30. (Doc. 341-1 at 14-15.) RFP number 29 requested documents backing up every entry on Exhibit 109. (Doc. 341-1 at 14.) RFP number 30 requested all documents Blessings' comptroller Erin McGinnis used to prepare Exhibit 109. (*Id.* at 15.) ADAB Mexico did not respond to either RFP. (*Id.* at 14-15.)

In response to OG's Motion to Compel, ADAB Mexico argues that it is not required to respond to the requests in OG's Second Consolidated Requests for Production because it is not required to produce Blessings' records. (Doc. 352 at 4-6.) According to ADAB Mexico, the practical ability to obtain documents or an inherent relationship are insufficient to establish that it has a legal right to obtain Blessings' documents. (*Id.* at 6.) ADAB Mexico further argues that Blessings served supplemental discovery responses that provided the information sought in RFP numbers 29 and 30. (*Id.* at 7.)

OG disputes that it has already received information responsive to RFP numbers 29 and 30, averring that Blessings' document production accounts for only around $20,000 of the $2,677,683 ADAB loan shown on Exhibit 109. (Doc. 365 at 10.) OG also argues that David and Abraham Mayorquin, as the owners of both Blessings and ADAB Mexico, have the legal right to get information from their own companies, and that ADAB Mexico, as the borrower of the ADAB loan, should have actual possession of documents and information concerning that loan. (*Id.* at 2-3, 10-11; *see also* Doc. 341 at 13-14.) Finally, OG argues that ADAB Mexico has failed to explain its failure to serve any objections to RFP numbers 29 and 30. (Doc. 365 at 4.)

ADAB Mexico has not shown good cause to excuse its failure to timely object to RFP numbers 29 and 30. *See Liguori*, 2012 WL 760747, at *11-12. By failing to timely object, ADAB Mexico has waived its objections. *See Richmark Corp.*, 959 F.2d at 1473. Accordingly, the Court declines to consider ADAB Mexico's objections and will require ADAB Mexico to produce the documents requested by RFP numbers 29 and 30.[5]

---

[5] Though ADAB Mexico contests, in its untimely objections, whether it has the legal right to obtain documents from Blessings, it appears that ADAB Mexico does have the

### E. OG's First Set of Interrogatories to ADAB Mexico

According to OG's LRCiv 37.1 Statement, OG served its First Set of Interrogatories to ADAB Mexico on August 30, 2019, including interrogatory numbers 1 and 6. (Doc. 341-1 at 4-5; Doc. 352-1 at 3.) Other materials in the record indicate that interrogatory number 6 was served as part of OG's September 27, 2019 Second Set of Interrogatories to ADAB Mexico. (*See* Doc. 352-1 at 3; Doc. 365-5.) ADAB Mexico served its initial response to interrogatory number 1 on September 30, 2019, and served a supplemental response on December 19, 2019. (Doc. 341-1 at 4-5; Doc. 352-1 at 3.) ADAB Mexico served its response to interrogatory number 6 on October 17, 2019. (Doc. 341-1 at 5.)[6]

#### 1. Interrogatory Number 1

Interrogatory number 1 requested that ADAB Mexico provide "the bank name, branch address, and account number for all bank accounts used by ADAB Mexico for the period January 1, 2011, onwards." (Doc. 341-1 at 4.) ADAB Mexico timely objected that the interrogatory was "overly broad" and sought "information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence," but it provided the name and address of one bank. (*Id.*) In an amended response served on December 19, 2019, ADAB Mexico reiterated its prior objection but provided bank account numbers from two banks. (*Id.*; *see also* Doc. 366-1) OG argues that ADAB Mexico's objections are waived because they are boilerplate, that ADAB Mexico's December 19, 2019 supplemental response was untimely and that it is deficient because it only identifies bank accounts that ADAB Mexico currently uses and does not identify the bank account number for the account identified in ADAB Mexico's initial response. (Doc. 341-1 at 5.) ADAB Mexico argues that it already provided OG with the information

---

practical ability to obtain such documents. Furthermore, as OG notes, it stands to reason that ADAB Mexico should have in its possession documentation concerning the ADAB loan, because it is the borrower of that loan.

[6] OG does not contest the timeliness of the October 17, 2019 response. (*Id.*) Assuming that interrogatory number 6 was served as part of OG's Second Set of Interrogatories to ADAB Mexico, the October 17, 2019 response was timely.

1  OG's counsel requested during the parties' meet-and-confer, that OG has not contacted
2  ADAB Mexico to address the issues raised in the Motion to Compel, and that OG failed
3  to engage in the meet-and-confer process regarding the supplemental December 19, 2019
4  response. (Doc. 352 at 8-9, 13.)

5  For the reasons discussed above, the Court rejects OG's argument that OG waived
6  its objections to interrogatory number 1 because they are boilerplate. The Court also
7  rejects ADAB Mexico's argument concerning the parties' meet-and-confer efforts, and it
8  finds that ADAB Mexico's objection concerning information "not reasonably calculated
9  to lead to the discovery of admissible evidence" is based on an outdated version of Rule
10 26. The Court finds that interrogatory number 1 is relevant for the reasons discussed
11 above, and that it is proportional to the needs of the case. Accordingly, the Court will
12 order ADAB Mexico to substantively respond to interrogatory number 1. Although the
13 Court rejects OG's request to prophylactically preclude ADAB Mexico from invoking
14 Rule 33(d) or incorporating materials by reference in its response, the response should be
15 clear and understandable.

### 2.     Interrogatory Number 6

17 Interrogatory number 6 requested "the name and address of ADAB Mexico's
18 customers." (Doc. 341-1 at 5.) ADAB Mexico objected that the interrogatory sought
19 "confidential and highly proprietary" "commercial business information" "that is not
20 relevant to any issue in the case" and "not proportionate to the legitimate needs of the
21 case." (*Id.*) OG argues that ADAB Mexico's objection is waived because it is
22 boilerplate, and that any confidentiality concerns are adequately addressed by the Court's
23 protective order. (*Id.*; *see also* Doc. 365 at 12.) In response to OG's Motion to Compel,
24 ADAB Mexico argues that interrogatory number 6 is irrelevant and disproportionate to
25 the legitimate needs of the case. (Doc. 352 at 15.)

26 The Court rejects OG's argument that ADAB Mexico's objection to interrogatory
27 number 6 is waived for being boilerplate, but it agrees with OG that interrogatory number
28 6 is relevant to the issue of whether intangible assets in the form of customer

relationships were fraudulently transferred. ADAB Mexico has not shown that disclosing the names and addresses of its customers would be particularly difficult or burdensome, and given the importance of the issue of whether intangible assets were fraudulently transferred, the significant amount of money in controversy, and the parties' relevant access to this information, the Court finds interrogatory number 6 to be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Although the Court recognizes that the identity of ADAB Mexico's customers is proprietary information, it agrees with OG that any confidentiality concerns are adequately addressed by the Court's protective order. Accordingly, the Court will order ADAB Mexico to substantively respond to interrogatory number 6. Although the Court rejects OG's request to prophylactically preclude ADAB Mexico from invoking Rule 33(d) or incorporating materials by reference in its response, the response should be clear and understandable.

### F. OG's Third Set of Interrogatories to ADAB Mexico

OG served its Third Set of Interrogatories to ADAB Mexico on September 27, 2019, including interrogatory numbers 8-13. (Doc. 341-1 at 6-13; Doc. 352-1 at 3.) Interrogatory number 8 requested "the section/paragraph number of all Maquiladora agreement(s), contracts, addenda, minutes, and any other agreements between Blessings and ADAB Mexico that authorized" payments listed in Defendants' Exhibit 109 from the preliminary injunction hearing. (Doc. 341-1 at 6.) Interrogatory number 9 requested a detailed explanation of what the entry for $1,065,067 in Exhibit 109 is made up of. (*Id.* at 8.) Interrogatory number 10 requested an explanation of the purpose of the entries for "2015 Loan to ADAB" in Exhibit 109. (*Id.* at 9.) Interrogatory number 11 requested a detailed explanation of what the entry for $367,310.10" in Exhibit 109 is made up of. (*Id.* at 10.) Interrogatory number 12 requested "the section/paragraph number of all Maquiladora agreement(s), contracts, addenda, minutes, and any other agreements that authorized Blessings' payment of processing fees to ADAB Mexico from January 1, 2013, onwards." (*Id.* at 11.) Interrogatory number 13 requested the bates numbers of all documents responsive to OG's September 27, 2019 Second Consolidated Requests for

Production.  (*Id.* at 12.)

ADAB Mexico served responses and objections to OG's Third Set of Interrogatories on December 19, 2019.  (Doc. 341-1 at 7-13; Doc. 352-1 at 3.)  In its December 19, 2019 objections, and in response to OG's Motion to Compel, ADAB Mexico argues that OG's Third Set of Interrogatories seeks information outside of ADAB Mexico's control.  (Doc. 341-1 at 7-13; Doc. 352 at 10-11.) ADAB Mexico also argues in response to OG's Motion to Compel that interrogatory numbers 8 and 12 require it to give a legal opinion, perform an extensive investigation, and conduct complex research; ADAB Mexico did not make those arguments in its December 19, 2019 objections. (Doc. 352 at 11-12; *see also* Doc. 341-1 at 7, 11.)  OG argues that ADAB Mexico's objections have been waived due to untimeliness.  (Doc. 341 at 12-13; *see also* Doc. 365 at 3-4, 11-12.)

ADAB Mexico's response to OG's Third Set of Interrogatories was due on October 27, 2019, but ADAB Mexico did not serve its objections until December 19, 2019.  Furthermore, it raised its arguments concerning legal opinions and extensive investigation and research for the first time in response to OG's Motion to Compel, approximately five months after objections were due.  ADAB Mexico has not shown good cause to excuse its failure to timely object to OG's Third Set of Interrogatories. *See Liguori*, 2012 WL 760747, at *11-12.  By failing to timely object, ADAB Mexico has waived its objections. *See Richmark Corp.*, 959 F.2d at 1473.  Accordingly, the Court declines to consider ADAB Mexico's objections and will require ADAB Mexico to substantively respond to the interrogatories contained in OG's Third Set of Interrogatories.  Although the Court rejects OG's request to prophylactically preclude ADAB Mexico from invoking Rule 33(d) or incorporating materials by reference in its responses, the responses should be clear and understandable.

### G.     Fee-Shifting Sanctions

OG requests fee-shifting sanctions and argues that, if nothing else, sanctions are warranted for ADAB Mexico's unexplained refusal to serve timely objections to

interrogatory numbers 8-13, any objections to RFP numbers 29-30, any bank statements, and a copy of its Pacific Ocean lease. (Doc. 365 at 4-6, 8-12 (citing Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d)(1)(A)(ii)); *see also* Doc. 341 at 16-17.)

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) and/or an order requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The record before the Court does not show that ADAB Mexico's failure to serve any objections to RFP numbers 29-30 was substantially justified. The record also does not reveal substantial justification for ADAB Mexico's failure to timely respond to interrogatory numbers 8-13 or to provide the other substantive discovery responses required by this Order. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Under the circumstances presented by the record before the Court, neither ADAB Mexico's status as a foreign litigant nor its allegations of abusive discovery practices are sufficient to justify its recalcitrance in responding to OG's discovery requests. A fee-shifting award would not be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii); Fed. R. Civ. P. 37(d)(3). The Court will order ADAB Mexico to reimburse OG for the costs of litigating the Motion to Compel.

**IT IS ORDERED** that Plaintiff's Motion to Compel and for Sanctions Against Pacific Ocean Harvest, S. De R.L. De C.V. (Doc. 396) is **granted**, as follows:

- Within fourteen (14) days of the date this Order is issued, Pacific Ocean shall substantively respond to Plaintiff's RFP numbers 21, 22, 23, 26, and 27 and interrogatory numbers 1-8;

- Within fourteen (14) days of the date this Order is issued, Pacific Ocean shall answer the UFTA SAC and serve its initial MIDP responses, in compliance with General Order 17-08 and the Federal Rule of Civil Procedure;
- Pacific Ocean shall reimburse Plaintiff for the reasonable expenses, including attorneys' fees, incurred in litigating the Motion to Compel (Doc. 396). The parties are directed to confer with one another to determine whether they can agree to a stipulation concerning the amount of those expenses. If the parties are unable to so stipulate, Plaintiff may file an appropriate motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and for Sanctions Against ADAB Ocean Harvest, S. De R.L. De C.V. ("ADAB Mexico") (Doc. 341) is **granted**, as follows:

- Within fourteen (14) days of the date this Order is issued, ADAB Mexico shall substantively respond to Plaintiff's RFP numbers 18, 26, 27, 29, and 30, and interrogatory numbers 1, 6, and 8-13.
- ADAB Mexico shall reimburse Plaintiff for the reasonable expenses, including attorneys' fees, incurred in litigating the Motion to Compel (Doc. 341). The parties are directed to confer with one another to determine whether they can agree to a stipulation concerning the amount of those expenses. If the parties are unable to so stipulate, Plaintiff may file an appropriate motion.

**Dated this 27th day of July, 2020.**

_____
Honorable Rosemary Márquez
United States District Judge