WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Garden Products Incorporated, | No. CV-18-00322-TUC-RM |
| Plaintiff, | Consolidated with:<br>No. CV-19-00284-TUC-RM |
| v. | |
| Blessings Incorporated, et al., | **ORDER** |
| Defendants. | |

Pending before the Court is Defendant David Mayorquin's Motion to Quash or Modify Subpoena Duces Tecum or for a Protective Order. (Doc. 405.) Defendant Abraham Mayorquin joins in the Motion. (Doc. 406.) Plaintiff Ocean Garden Products Incorporated ("OG") opposes the Motion. (Doc. 410.)

**I.   Background**

The subpoenas at issue were served on Wells Fargo Bank, N.A. ("Wells Fargo") and J.P Morgan Chase Bank, N.A. ("Chase"). (Doc. 405-1 at 4, 11; *see also* Doc. 406-1 at 2.) They seek banking records for any accounts held by David and Abraham Mayorquin (collectively, "Defendants") at Wells Fargo, and by Abraham Mayorquin at Chase, for the period March 1, 2013 to the present. (Doc. 405-1 at 10, 17; *see also* Doc. 406-1 at 8.)[1]

---

[1] After the parties notified the Court of their dispute concerning the Wells Fargo and Chase subpoenas, the Court issued an interim order specifying: "Upon receipt of any documents produced by either Chase Bank or Wells Fargo Bank in response to the Subpoenas, neither Plaintiff nor their counsel nor any party on their behalf shall review the documents, which shall remain sealed if received, pending the Court's decision of the Motions." (Doc. 401 at 2.)

Defendants move to quash or modify the subpoenas or, alternatively, for a protective order. Defendants argue that the subpoenas are unduly burdensome and overbroad because they encompass voluminous information and documents that are irrelevant to any issue in this case. (Doc. 405 at 2, 7-8; Doc. 406 at 4-5.) They further argue that the subpoenas seek documents that contain personal and private information. (Doc. 405 at 2, 8-9; Doc. 406 at 4-5.) Citing Federal Rule of Civil Procedure 26(c) and 45(d), Defendants ask that the subpoenas be quashed outright for overbreadth or, at a minimum, that their scope be limited to transfers from Blessings, Inc. ("Blessings"), ADAB Ocean Harvest, S. De R.L. De C.V. ("ADAB Mexico"), or Pacific Ocean Harvest, S. De R.L. De C.V. ("Pacific Ocean Harvest") to David and Abraham Mayorquin between 2014 and June 2018. (Doc. 405 at 2-3, 7-8; Doc. 406 at 7.) They also ask that the subpoenaed records be redacted by defense counsel prior to disclosure to OG (Doc. 405 at 9) or that they be reviewed by a neutral special master prior to disclosure, at OG's expense (Doc. 406 at 5-6).

In response, OG argues that Defendants lack standing under Rule 45 and have failed to make the evidentiary showing required for a motion to quash under Rule 45 or a protective order under Rule 26. (Doc. 410 at 6-8 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)).) OG also argues that the protective order previously issued by this Court sufficiently protects any confidential information. (*Id.* at 8-9.) As to relevance, OG argues that, under Arizona's Uniform Fraudulent Transfer Act ("UFTA"), A.R.S. § 44-1008(B), Defendants and their spouses may be liable for any direct or indirect cash transfers they received from insiders such as Defendants Blessings, ADAB Mexico, and Pacific Ocean Harvest, and that the subpoenaed banking records "are indispensable to closing the loop on [Defendants'] transfers of Blessings' cash down to ADAB and Pacific in Mexico, and back up to joint accounts they share with" their spouses. (*Id.* at 2.) OG further argues that all of Defendants' banking transactions, including purportedly personal transactions, are discoverable, because—for purposes of liability and damages—OG needs to be able to distinguish between wage deposits from

insiders, non-wage deposits and necessities spending, and non-necessities spending. (*Id.* at 4 (citing *In re Titus*, 916 F.3d 293 (3d Cir. 2019).) OG also argues that banking records going back to 2013 are relevant because OG has been a creditor of Blessings and ADAB Mexico "since 2013, when [Defendants] fraudulently diverted OG's $1.5 million loan to Blessings down to [ADAB Mexico]." (*Id.* at 4-5.)

Both Defendants and OG request fee-shifting sanctions. (Doc. 405 at 9-10; Doc. 410 at 3-4, 9.)

## II. Discussion

### A. Motion to Quash

The Court must, on timely motion, quash or modify a subpoena under Federal Rule of Civil Procedure 45(d) if the subpoena (1) does not allow a reasonable time for compliance; (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; (3) requires disclosure of privileged or otherwise protected information; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). In addition, the Court may, on motion of a "party or any person from whom discovery is sought," issue a protective order for good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a protective order may, in relevant part, forbid the disclosure or discovery, specify terms for it, or limit the scope of it to certain matters. Fed. R. Civ. P. 26(c)(1)(A)-(B), (D). The moving party "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

As this Court has previously held, Defendants do not have standing to argue that production of documents in response to subpoenas issued to third parties would be unduly burdensome. (Doc. 34 at 7.) Wells Fargo and Chase, rather than Defendants, are the entities subject to the burden of responding to the subpoenas, and neither Wells Fargo nor Chase has objected to the subpoenas. *See also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) ("the 'undue burden' language is limited to harms

inflicted by complying with the subpoena").

It is less clear whether Defendants have standing to challenge the subpoenas on the grounds that they are overbroad and seek irrelevant, private information. *Compare Wells Fargo & Co. v. ABD Ins.*, C 12-03856 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a subpoena to a nonparty seeks irrelevant information [is] not [a] ground[] on which a party has standing to move to quash . . . ."), *with In re Ashworth, Inc. Securities Litig.*, No. 99-CV-121, 2002 WL 33009225, at *2 (S.D. Cal. May 10, 2002) (finding defendants had standing to move to quash third-party subpoenas on overbreadth grounds where the subpoenas sought information in which the defendants asserted a proprietary interest). A party normally does not have standing to seek to quash a subpoena issued to a nonparty unless it has "'some personal right or privilege with regard to the documents sought.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc. § 2459 (3d ed.)). The United States Supreme Court has held that customers do not have a constitutionally protected privacy interest in their banking records. *United States v. Miller*, 425 U.S. 435, 440-44 (1976). *Miller* was superseded in part by the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.*, which allows customers to challenge *government* requests for bank records; however, nothing in the Right to Financial Privacy Act "shields the records of a bank customer's transactions from discovery in a civil suit." *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, 2:15-CV-311-FtM-29CM, 2015 WL 9031929, at *4 (M.D. Fla. Dec. 16, 2015) (internal quotation omitted). Courts are divided as to whether a party in a civil suit has a privacy interest in its banking records sufficient to give it standing to move to quash a subpoena served on a non-party financial institution. *Compare, e.g.*, *Arias-Zeballos v. Tan*, No. 06 Civ. 1268(GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (finding standing), *with Robertson v. Cartinhour*, No. AW–09–3436, 2010 WL 716221, at *1-2 (D. Md. Feb. 23, 2010) (finding no standing).

Assuming Defendants have standing to challenge the subpoenas on the grounds

that they are overbroad and seek irrelevant information, the Court finds that Plaintiff has sufficiently shown that the subpoenaed records are relevant to liability and damages on Plaintiff's UFTA claims. *In re Titus*, relied upon by Plaintiff, finds that UFTA damages are determined by distinguishing between fraudulent and non-fraudulent deposits, as well as permissible and impermissible expenditures. 916 F.3d at 297, 301-05. Although *In re Titus* analyzes Pennsylvania's UFTA, Defendants have not shown that damages are measured differently under Arizona's UFTA. Accordingly, Plaintiff has sufficiently shown that banking records of all deposits and expenditures are relevant for purposes of UFTA liability and damages. Furthermore, Plaintiff alleges that Defendants misappropriated money lent from OG to Blessings beginning in 2013, and thus records dating back to 2013 are relevant. (*See, e.g.*, Doc. 416 at ¶¶ 72, 109-11.)

Assuming further that Defendants have standing to challenge the third-party subpoenas on the grounds that they seek personal, confidential information, the Court finds that any privacy concerns are adequately addressed by the Court's protective order. *See In re Heritage Bond Litig.*, CV 02-1475-DT(RCX), 2004 WL 1970058, at *5 n.12 (C.D. Cal. July 23, 2004) (finding privacy interests in bank records adequately protected by protective order and insufficient to prevent production). Defendants have not shown that any privacy interests they may have in the banking records outweigh OG's need for the records. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (finding plaintiff's need for financial documents outweighed defendant's privacy claim). Defendants argue that OG may use information gleaned from the subpoenaed records in order to intimidate individuals or entities with whom Defendants associate. (Doc. 406 at 5-6.) However, that concern can be addressed by an order requiring OG to obtain leave of Court before contacting any individuals or entities identified as a result of records disclosed in response to the subpoenas. Defendants have not shown that their proposals—allowing Defendants to redact the records or requiring a special master to review them—are necessary to protect any privacy interests they may have in the banking records.

The Court will deny Defendants' Motion to Quash or Modify Subpoena Duces Tecum or for a Protective Order, except to the extent that the Court will require the subpoenaed records to be deemed attorneys-eyes-only under the Court's protective order and will require OG to obtain leave of Court before contacting any individuals or entities identified as a result of the subpoenaed records.

### B.   Fee-Shifting Sanctions

Rule 37(a)(5) applies to the award of expenses on a motion for protective order. Fed. R. Civ. P. 26(c)(3). In addition, the Court has warned the parties that failure to adequately meet and confer before bringing a discovery dispute to the Court's attention will result in sanctions. (Doc 84 at 1 at n.1.)

Defendants argue that fee-shifting sanctions should be imposed against OG because OG rejected an "eminently reasonable stipulation" that would have resolved this dispute. (Doc. 405 at 9-10.) OG argues that fee-shifting sanctions should be imposed against Defendants because they failed to fully engage in the meet-and-confer process and unjustifiably failed to address their burden of proof on this Motion. (Doc. 410 at 9.)

The Court finds that Rule 37(a)(5)(C)—which pertains to a partially granted and partially denied motion to compel—is most applicable to the present circumstances, in that the Court is issuing a limited protective order but denying Defendants' requests to quash the subpoenas, as well as Defendants' proposals to allow redaction of the banking records or require review by a special master. Rule 37(a)(5)(C) allows the Court to apportion the reasonable expenses of a Motion.

Defendants' position with respect to the Wells Fargo and Chase subpoenas was not entirely without merit. Support exists for Defendants' assertion of a privacy interest in their banking records. However, Defendants could have predicted the Court's ruling that they lack standing to move to quash based on undue burden simply by reviewing the Court's October 2018 Order (Doc. 34) resolving their previous Motion to Quash. Furthermore, although the Court finds that counsel for David Mayorquin made reasonable efforts to resolve this dispute through personal consultation, the record does

- 6 -

not support the same finding with respect to counsel for Abraham Mayorquin. Furthermore, Abraham Mayorquin did not file a certification, as required by Rule 26(c), that he "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

After considering the positions taken by the parties with respect to the Wells Fargo and Chase subpoenas and the parties' meet-and-confer efforts, the Court will require David Mayorquin to pay 25% of the costs incurred by OG in responding to the Motion, and will require Abraham Mayorquin to pay 50% of those costs.

**IT IS ORDERED** that the Motion to Quash or Modify Subpoena Duces Tecum or for a Protective Order (Doc. 405) is **granted in part and denied in part**, as follows:

1. Any records disclosed pursuant to the subpoenas at issue in the Motion shall be deemed attorneys-eyes-only under the Court's protective order; and
2. OG must obtain leave of Court before contacting any person or entity that OG identifies as a result of the subpoenaed records.
3. The Motion is otherwise denied.

**IT IS FURTHER ORDERED** that David Mayorquin shall reimburse OG 25% of the reasonable expenses, including attorneys' fees, incurred in responding to the Motion to Quash or Modify Subpoena Duces Tecum or for a Protective Order.  Abraham Mayorquin shall reimburse OG 50% of its reasonable expenses, including attorneys' fees, incurred in responding to the Motion.  The parties shall attempt to reach a stipulation concerning the amount of expenses to be reimbursed.  If the parties are unable to reach a stipulation, OG may file an appropriate motion.

Dated this 24th day of August, 2020.

_____
Honorable Rosemary Márquez
United States District Judge